ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| LUIS E. PAGÁN RIVERA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202300390 | REVISIÓN ADMINISTRATIVA Procedente de la División de Remedios Administrativos)<br><br>Caso núm.: CDB-919-22<br><br>Sobre: Solicitud de Remedio Administrativo, Aplicación de la Ley 85-2022. |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Comparece el Sr. Luis E. Pagán Rivera (Recurrente o Sr. Pagán), quien se encuentra confinado en la Institución Correccional Bayamón 1072 y que por derecho propio nos solicita que revisemos la determinación emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de Puerto Rico (DRA) el 1 de junio de 2023 y notificada el 6 de junio de 2023. En dicho dictamen la DRA enmendó la Hoja de Liquidación de Sentencia del Recurrido, no obstante, el Sr. Pagán entiende que la modificación no fue conforme a la Ley Núm. 85 de 2022, *infra.*

Por los fundamentos que expondremos a continuación, se *confirma* el dictamen de la DRA.

**I.**

El 14 de noviembre de 2012, el Tribunal de Primera Instancia, Sala Superior de San Juan, sentenció al Sr. Pagán a cumplir las siguientes penas: 1 año y 9 meses de reclusión por infracción al Art. 3.1 de la Ley Núm. 54-1989, 8 LPRA § 601 *et seq*; 10 años de reclusión por Tentativa del Art. 106 en segundo grado del Código

Penal de 2004, Ley Núm. 149-2004 (derogada); 20 años de reclusión por infracción al Art. 5.04 de la Ley de Armas de Puerto Rico, 25 LPRA § 455 (derogada), **los cuales conforme a las disposiciones del Art. 7.03 de la referida Ley, se duplicaron a 40 años**; 10 años de reclusión por infracción al Art. 5.15 de la Ley de Armas, *íd.*, el cual se duplicó a 20 años; 10 años de reclusión por infracción al Art. 5.15 de la Ley de Armas del 2000, *íd.*, el cual se duplicó a 20 años; y 90 días de reclusión por infracción al Art. 207 del Código Penal de 2004, *supra.* Todo lo anterior para un total de 91 años, 9 meses y 90 días de reclusión.[1]

Ante la aprobación de la Ley Núm. 85-2022, la cual dispone nuevos términos para acceder a la jurisdicción y evaluación de la Junta de Libertad Bajo Palabra, el Recurrente presentó una solicitud de Remedio Administrativo en la DRA el 28 de noviembre de 2022 con el alfanumérico CDB-919-22.[2] En esta, solicitó que fuese enmendada su Hoja de Liquidación de Sentencia conforme a la Ley núm. 85-2022. Su solicitud fue atendida y su nueva Hoja de Liquidación fue entregada el 4 de mayo de 2023.[3]

La Hoja de Liquidación fue posteriormente enmendada el 18 de julio de 2023,[4] para atemperarla a la Carta Circular 2023-02 de la Secretaría Auxiliar de Programas y Servicios, la cual ofrecía una nueva interpretación de la Ley 85-22.[5] Dicho cambio tuvo el efecto de reducir aún más la sentencia del Sr. Pagán.

La Hoja de Liquidación del Sr. Pagán fue calculada utilizando la pena de 40 años como la pena más onerosa de su sentencia, correspondiente a los artículos 5.04 y 7.03 de la Ley de Armas, *supra.* Esto fue así ya que la pena del Art. 5.04 fue agravada debido

---

[1] Véase, Apéndice del Recurso #2 pág. 16.
[2] Véase, Apéndice del Recurso #1 pág. 5.
[3] Véase, Apéndice del Recurso #3 pág. 19.
[4] Véase, Apéndice del Recurso #3 pág. 18.
[5] Véase, Apéndice del Recurso #4 pág. 20-23.

a las disposiciones estipuladas en el Art. 7.03. Basándose en estos 40 años, la agencia computó el tiempo mínimo desde el momento que el Sr. Pagán comenzó a cumplir su sentencia, entiéndase desde el 14 de noviembre de 2012 y el mínimo de quince años lo calculó utilizando el setenta y cinco por ciento de la pena mayor.

No obstante, por entender que su nueva Hoja de Liquidación no fue modificada correctamente en conformidad con la Ley núm. 85-2022, *íd*, el Sr. Pagán solicitó Reconsideración el 15 de junio de 2023,[6] la cual fue denegada mediante Resolución notificada el 31 de julio de 2023.[7]

Insatisfecho, el Recurrente presentó ante este Tribunal un Recurso de Revisión Administrativa donde señaló los siguientes errores:

> **"Erró la Oficina de Récord Penal cuando utilizaron como base para realizar los nuevos cómputos para elaborar una Nueva Hoja de Liquidación de Sentencia la consecutividad de los artículos 5.04 y 7.03 de la Ley de Armas de Puerto Rico".**

> **"Erró la Oficina de Récord Penal cuando no consideró lo establecido en la Ley Núm. 85-2022, donde expresamente se dispone que el mínimo de la sentencia nunca excederá de quince (15) años".**

El 30 de octubre de 2023, el Departamento de Corrección y Rehabilitación presentó su oposición y solicitó la desestimación del recurso por entender que este Tribunal carecía de jurisdicción, ya que el Recurrente no solicitó litigar *in forma pauperis*, ni canceló los aranceles correspondientes. En la alternativa, alegó que la DRA interpretó y aplicó correctamente la Ley 85-2022, y por tanto resta confirmar la determinación de la agencia.

Consecuentemente, el 15 de noviembre de 2023, emitimos una Resolución mediante la cual, entre otras cosas, se le ordenó al

---

[6] Véase, Apéndice del Recurso #1 pág. 12.
[7] Véase, Apéndice del Recurso #1 pág. 14.

Sr. Pagán a que en un término de 10 días sometiera la correspondiente declaración en apoyo a solicitud para litigar como indigente o en la alternativa, pagara los aranceles correspondientes a la presentación de su recurso. Así las cosas, el 30 de noviembre de 2023, el Sr. Pagán presentó una Solicitud y Declaración Para Que Se Exima de Pago de Arancel Por Razón de Indigencia. Con el beneficio de la comparecencia de las partes y examinados los escritos presentados, procedemos a resolver.

## II.

### A. Revisión judicial de las determinaciones administrativas

Es norma reiterada en nuestro ordenamiento jurídico que los tribunales apelativos están llamados a abstenerse de intervenir en las decisiones administrativas, ya que éstas poseen una presunción de legalidad y corrección. *ECP Incorporated v. OCS*, 205 DPR 268, 281 (2020); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Cónsono con ello, se ha resuelto que las decisiones de las agencias administrativas gozan de la mayor deferencia por los tribunales. *Oficina de Ética Gubernamental v. Martínez Giraud*, 210 DPR 79 (2022). Ello debido a que dichos entes gubernamentales son los que poseen el conocimiento especializado y experiencia en los asuntos que les son encomendados. *Super Asphalt v. AFI*, 206 DPR 803, 819 (2021). En los casos de revisión judicial, "[e]l criterio a aplicarse no es si la decisión administrativa es la más razonable o la mejor al arbitrio del foro judicial; es, repetimos, si la determinación administrativa, en interpretación de los reglamentos y las leyes que le incumbe implementar, es una razonable". *Rivera Concepción v. A.R.Pe*, 152 DPR 116, 124 (2000).

La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, (3 LPRA sec. 9675) (LPAU), dispone que "[l]as

determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo". Así pues, la intervención judicial en estos casos ha de centrarse en tres aspectos principales: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos están razonablemente sostenidas por la prueba y (3) si las conclusiones de derecho del organismo administrativo son correctas. *P.R.T.C. Co. v. J. Reg. Tel. de P.R.*, 151 DPR 269, 281 (2000). Podemos decir que la deferencia reconocida a la decisión de una agencia administrativa cede en las siguientes circunstancias: cuando no está basada en evidencia sustancial, cuando el organismo administrativo ha errado en la aplicación de la ley y cuando ha mediado una actuación irrazonable o ilegal. *T-JAC, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 80 (1999).

Las determinaciones de hechos de los organismos y agencias administrativas tienen a su favor una presunción de regularidad y corrección. *Henríquez v. Consejo Educación Superior*, 120 DPR 194, 210 (1987). De manera que los tribunales apelativos no intervienen con las determinaciones de hechos formuladas por una agencia administrativa si éstas están sostenidas por evidencia sustancial que surja del expediente administrativo. *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000).

Según lo ha definido el Tribunal Supremo en diversas ocasiones, evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Hilton Hotels v. Junta Salario Mínimo,* 74 DPR 670, 687 (1953). Por ello, quien impugne las determinaciones de hechos de una agencia administrativa tiene el deber de presentar ante el foro judicial la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación

administrativa. El peso de la prueba descansa entonces sobre la parte que impugna la determinación administrativa. *Com. Vec. Pro-Mej., Inc. v. J.P.,* 147 DPR 750, 761 (1999). Además, debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Rebollo v. Yiyi Motors,* 161 DPR 69, 76-77 (2002).

Las conclusiones de derecho, tal y como surge de la Sección 4.5 de la LPAU, *supra,* pueden ser revisadas en todos sus aspectos. Sin embargo, esto no significa que, al ejercer su función revisora, podamos descartar liberalmente las conclusiones e interpretaciones de la agencia, sustituyendo el criterio de ésta por el propio. "Al evaluar los casos es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa". *Adorno Quiles v. Hernández,* 126 DPR 191, 195 (1990).

El foro judicial podrá sustituir el criterio del organismo administrativo por el propio únicamente en aquellas ocasiones que no encuentre una base racional que fundamente la actuación administrativa. No obstante, es axioma judicial que, ante la prueba pericial y documental, el tribunal revisor se encuentra en igual posición que el foro recurrido y, por tanto, está facultado para apreciar la prueba apoyándose en su propio criterio. *Dye-Tex de P.R., Inc. v. Royal Ins. Co.,* 150 DPR 658, 662 (2000).

Sin embargo, la deferencia judicial en la revisión de determinaciones administrativas no conlleva la renuncia de este Tribunal a su función revisora. Simplemente, define el carácter limitado de la función revisora a casos apropiados. La deferencia reconocida no equivale a la dimisión de la función revisora de este

foro apelativo intermedio en instancias adecuadas y meritorias, como resulta ser cuando la agencia ha errado en la aplicación de la ley. *Reyes Salcedo v. Policía de P.R.*, 143 DPR 85, 94 (1987).

### B. Ley 85-2022

La Ley 85-2022 se aprobó con el fin de enmendar el Art. 3 de la Ley de la Junta de Libertad Bajo Palabra, 4 LPRA § 1501 et seq., y el Art. 308 del Código Penal de Puerto Rico, 33 LPRA § 5001 et seq. Su propósito fue "establecer una manera más justa, retributiva y rehabilitadora, que le permita a aquella persona convicta por varios delitos el poder ser considerada para libertad bajo palabra", Exposición de Motivos, Ley 85-2022, para así establecer un andamiaje más humano que cumpla con el mandato constitucional de rehabilitación.

La Sección 1 de la Ley 85-2022 enmendó el Art. 308 del Código Penal que ahora lee como sigue:

> **Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto** o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.
>
> En delitos graves cuyo término de reclusión señalada en el tipo sea de cincuenta (50) años, la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir quince (15) años de su sentencia o cinco (5) años si se trata de un menor de edad procesado y sentenciado como adulto.
>
> ...
>
> **En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona**

**convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos.** Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial. (Énfasis suplido)

Por otra parte, la Sección 2 de la Ley 85-2022 modificó el Art. 3 (a) (6) de la Ley de la Junta de Libertad Bajo Palabra para que lea de la siguiente manera:

**En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos**. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

Podrá así mismo decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que haya sido convicta conforme a las disposiciones de la Ley 146-2012, conocida como "Código Penal de Puerto Rico de 2012" al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

En caso de la persona convicta de asesinato en primer grado bajo la Ley 146-2012, esta podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir veinticinco (25) años de su sentencia, o diez (10)

años, si se trata de un menor de edad procesado y sentenciado como adulto.

La Junta podrá considerar para la libertad bajo palabra a aquellas personas que hayan utilizado o intentado utilizar un arma de fuego ilegal en la comisión de un delito grave o su tentativa, según definido en la Ley 146-2012, según enmendada. La Junta podrá conceder el beneficio cuando se ha determinado reincidencia habitual por delitos no violentos al cumplir veinticinco (25) años de su sentencia de reclusión, pero no podrá conceder el beneficio cuando la persona haya resultado convicta por delitos de agresión sexual o pornografía infantil en cualquiera de sus modalidades, según definidos en la Ley 146-2012, según enmendada. Antes de conceder el beneficio, la Junta considerará todas las disposiciones contenidas en el Artículo 3-B de esta Ley y lo que contemplan en la Ley 22-1988, mejor conocida como la Ley de la "Carta de Derechos de Víctimas y Testigos de Delito", según enmendada, para garantizarle a las víctimas todos los derechos. (Énfasis suplido)

### C. Ley de Armas de Puerto Rico

El Art. 7.03 de la derogada Ley de Armas de Puerto Rico de 2000, *supra*, establecía cómo se agravaban las penas. El referido artículo dispone que:

Todas las penas de reclusión que se impongan bajo esta Ley serán cumplidas consecutivamente entre sí y consecutivamente con las impuestas bajo cualquier otra ley. **Además, si la persona hubiere sido convicta anteriormente por cualquier violación a esta Ley o por cualquiera de los delitos especificados en el Artículo 2.11 de esta Ley o usare un arma en la comisión de cualquier delito y como resultado de tal violación alguna persona sufriera daño físico o mental, la pena establecida para el delito se duplicará.** Toda violación a esta Ley en una zona escolar o universitaria según definida en el Artículo 1.02, conllevará el doble de la pena establecida. (énfasis suplido).

### III.

El Departamento de Corrección y Rehabilitación alega que procede una desestimación ya que el Recurrente no canceló los aranceles correspondientes. No obstante, debido a la condición de confinado del Sr. Pagán, este Tribunal acepta la litigación *in forma pauperis* y por tal razón se exime al Recurrente de cancelar

aranceles. Con este asunto aclarado, procedemos a discutir los señalamientos de error.

Por razón de que ambos señalamientos están estrechamente relacionados procedemos a discutirlos en forma conjunta. El Sr. Pagán alega que la DRA llevó a cabo un cálculo erróneo de su nueva Hoja de Liquidación de Sentencia al aplicar consecutivamente las penas de los Art. 5.04 y 7.03 de la Ley de Armas, *supra*. Entiende que esto tuvo el efecto incorrecto de agrupar ambos artículos en una sola pena para que el cálculo fuese a base de 40 años y no de 20 años, si se consideran individualmente. No le asiste la razón.

La DRA correctamente utilizó una pena de 40 años, ya que los referidos artículos de la Ley de Armas no tienen penas individuales, por tanto, no se cumplen ni concurrente ni consecutivamente. Esto es así ya que el Art. 7.03 tiene el efecto de agravar la pena del Art. 5.04. La propia Sentencia del TPI deja esto claro cuando establece que el Recurrente cumplirá "20 años de reclusión en el caso KLA2012G0702 por Art. 5.04 de la Ley de Armas, **y en virtud del Art. 7.03 de la Ley de Armas se duplica la pena de reclusión a 40 años de reclusión**".[8] Como vemos, al Art. 7.03 fue diseñado para modificar, en este caso agravar, infracciones a otros artículos. Claramente su aplicabilidad no genera una pena separada. En vista a esto, la DRA sí interpretó correctamente la Ley 85-2022 cuando utilizó la pena de 40 años como la más onerosa.

El Sr. Pagán también sostiene que si se utiliza la pena de 20 años correspondiente al Art. 7.03 como la pena más onerosa, que el cálculo de su mínimo de sentencia para cualificar para el beneficio de la Junta de Libertad Bajo Palabra sería de 10 años. Como ya aclaramos que la pena mayor es de 40 años, tampoco le asiste la razón en el segundo señalamiento de error. De igual forma, podemos

---

[8] Véase, Apéndice del Recurso #2 pág. 16. (énfasis suplido).

concluir que la DRA tampoco se equivocó cuando calculó el setenta y cinco por ciento de la pena de 40 años, pero luego hizo el cambio a 15 años como ordena la Ley 85-2022.

**IV.**

Por todo lo antes discutido, los que hacemos formar parte de este dictamen, *confirmamos* la determinación de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

La Jueza Alvarez Esnard concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones