Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| JOSÉ M. ÁLAMO<br><br>Recurrido<br><br>v.<br><br>SARAH M. HÉRNANDEZ<br><br>Peticionaria | KLCE202400140 | *CERTIORARI*<br>Procedente de Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.:<br>D AL2012-1502<br><br>Sobre: Alimentos |
| --- | --- | --- |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparece ante este tribunal apelativo la Sra. Sara M. Hernández Rivera (señora Hernández Rivera o peticionaria) mediante el recurso de *Certiorari* de epígrafe solicitando nuestra intervención a los fines de que dejemos sin efecto una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI) el 12 de diciembre de 2023, notificada el 18 del mismo mes y año. Mediante dicho dictamen, el foro primario delimitó el alcance del testimonio de la perito, Dra. Ana Rosa Díaz Miranda, contratada por la peticionaria para impugnar el informe social.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* solicitado y revocamos la *Orden* recurrida.

### I.

En lo aquí pertinente, surge del recurso que el 17 de octubre de 2023 la Unidad Social de Relaciones de Familia y Asuntos de

Menores informó al TPI haber culminado su informe social.[1] El 20 de octubre siguiente, el foro recurrido ordenó proveer copia de este a los representantes legales de las partes y les concedió el término de quince (15) días para mostrar causa por la cual no debía acogerse las recomendaciones de la Trabajadora Social esbozadas en el informe social.[2] El Sr. José M. Álamo Quiñonez (señor Álamo Quiñones o recurrido) presentó una moción informando estar conforme con el contenido del informe.[3] Por su parte, la señora Hernández Rivera indicó no estar de acuerdo con este por lo cual solicitó vista de impugnación.[4]

Ante dicha petición, el 14 de noviembre el foro *a quo* emitió una orden concediendo término a la peticionaria para informar el perito a ser contratado para la impugnación. En cumplimiento, el 1 de diciembre esta anunció como perito de impugnación a la Dra. Ana Rosa Díaz Miranda, psicóloga. Junto a la referida moción se acompañó copia del *Curriculum Vitae* de la galena.[5] El 12 de diciembre siguiente, el TPI emitió la *Orden* recurrida en la cual consignó que:[6]

> …
>
>> Enterado. No obstante, la perito contratada **solamente** podrá impugnar los resultados de las **evaluaciones sicológicas** presentadas y **no** como tal **el informe social**, toda vez que son disciplinas distintas y se aplican teorías y metodologías diferentes.
>>
>> Se autoriza a la perito acceso a las evaluaciones sicológicas que son parte del informe social.
>
> …

Inconforme con el dictamen, la peticionaria solicitó reconsideración detallando los fundamentos por los cuales impugna el informe social e indicó que para ello no se requiere la contratación

---

[1] Véase el Apéndice del Recurso, a la pág. 17.
[2] *Íd.*, a la pág. 20-21.
[3] *Íd.*, a la pág. 22.
[4] *Íd.*, a las págs. 24-33.
[5] *Íd.*, a las págs. 35-49.
[6] [Subrayado en el original y negrillas nuestras]. *Íd.*, a la pág. 51.

de un trabajador social.[7] El 2 de enero de 2024, el foro recurrido declaró no ha lugar a dicho petitorio.[8] El mismo fue notificado mediante *Notificación Enmendada* el 26 de enero siguiente.[9]

Todavía en desacuerdo, la peticionaria acude ante este foro apelativo mediante el auto de *certiorari* de epígrafe imputándole al foro primario haber incurrido en los siguientes errores:[10]

> PRIMERO: INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN CRASO ABUSO DE DISCRECIÓN O ERROR DE DERECHO AL EMITIR LA ORDEN DE 12 DE DICIEMBRE DE 2023, DETERMINANDO, SIMULTÁNEAMENTE, LA CLASIFICACIÓN Y DESCALIFICACIÓN DE LA DRA. ANA ROSA DÍAZ MIRANDA COMO PERSONA PERITA, **SIN QUE HUBIERA OBJECIÓN DEL SR. ÁLAMO QUIÑONES** SOBRE EL CONOCIMIENTO, DESTREZA, EXPERIENCIA, ADIESTRAMIENTO O INSTRUCCIONES DE LA DRA. ANA ROSA DÍAZ MIRANDA, EN CONTRAVENCIÓN DE LAS REGLAS 703 (A) Y (B) Y 109 (A) DE EVIDENCIA.

> SEGUNDO: INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN CRASO ABUSO DE DISCRECIÓN O ERROR DE DERECHO AL EMITIR LA ORDEN DE 12 DE DICIEMBRE DE 2023, DETERMINANDO, SIMULTÁNEAMENTE, LA CLASIFICACIÓN Y DESCALIFICACIÓN DE LA DRA. ANA ROSA DÍAZ MIRANDA COMO PERSONA PERITA, **SIN PERMITIR A LA SRA. HERNÁNDEZ RIVERA LA PRESENTACIÓN DE EVIDENCIA ADMISIBLE** SOBRE EL CONOCIMIENTO, DESTREZAS, EXPERIENCIA, ADIESTRAMIENTO O INSTRUCCIÓN DE LA DRA. ANA ROSA DÍAZ MIRANDA, **INCLUYENDO SU PROPIO TESTIMONIO**, EN CONTRAVENCIÓN DE LAS REGLAS 703 (A) Y (B) Y 109 (A) DE EVIDENCIA.

> TERCERO: INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN CRASO ABUSO DE DISCRECIÓN O ERROR DE DERECHO AL EMITIR LA ORDEN DE 12 DE DICIEMBRE DE 2023, DETERMINANDO, SIMULTÁNEAMENTE, LA CLASIFICACIÓN Y DESCALIFICACIÓN DE LA DRA. ANA ROSA DÍAZ MIRANDA COMO PERSONA PERITA, **POR MOTIVO DE QUE EL INFORME SOCIAL FORENSE FUE PREPARADO POR UNA TRABAJADORA SOCIAL Y LA DRA. ANA ROSA DÍAZ MIRANDA ES PH.D. EN COUNSELING PSYCHOLOGY**, EN CONTRAVENCIÓN DE LAS REGLAS 703 (A) Y (B) Y 109 (A) DE EVIDENCIA.

El 8 de febrero de 2024, dictamos una *Resolución* concediendo a la parte recurrida el término de diez (10) días para expresarse. Transcurrido dicho término concedido, sin que la parte recurrida

---

[7] *Íd.*, a las págs. 52-68.
[8] *Íd.*, a la pág. 69.
[9] *Íd.*, a la pág. 70.
[10] Énfasis y subrayado en el original.

haya comparecido, decretamos perfeccionado el recurso y resolvemos sin su comparecencia.

Luego de evaluar el escrito de la parte peticionaria y el expediente de autos, así como del estudio del derecho aplicable, procedemos a resolver las presentes controversias.

*II.*

**Auto de *Certiorari***

Todo recurso de *certiorari* presentado ante nuestra consideración debe ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil (32 LPRA Ap. V. R. 52.1). La referida norma dispone como sigue:

> Todo procedimiento de apelación, *certiorari,* certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido** por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones **podrá revisar órdenes o resoluciones interlocutorias** dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, **en casos de relaciones de familia**, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, *supra.* [Énfasis Nuestro].

Aun cuando un asunto esté comprendido dentro de las materias que podemos revisar, de conformidad con la Regla 52.1 de las de Procedimiento Civil, *supra,* previo a ejercer debidamente nuestra facultad revisora sobre un caso, es menester evaluar si, a la

luz de los criterios enumerados en la Regla 40 de nuestro Reglamento (4 LPRA Ap. XXII-B) se justifica nuestra intervención, pues distinto al recurso de apelación, **este tribunal posee discreción para expedir el auto** el *certiorari. Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999). Por supuesto esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR*, supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).[11] Así, pues, se ha considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Íd.*[12]

A estos efectos, la Regla 40 de nuestro Reglamento, *supra*, enumera los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional de *certiorari. I.G. Builders et al. v. BBVAPR, supra.* Dicha regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[11] Citas omitidas.
[12] Citas omitidas.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, **si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra** el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

**Los informes sociales**

A partir de lo resuelto en *Rentas Nieves v. Betancourt Figueroa*, 201 DPR 416 (2018), es norma en nuestro ordenamiento que las partes tienen derecho a recibir copia de los informes sociales en los pleitos de custodia. El Poder Judicial cuenta con un cuerpo de trabajadores sociales que constituyen la Unidad Social y estos **son peritos al servicio del tribunal** sujetos a las Reglas de Evidencia. *Íd.,* a la pág. 426. Por ende, y de conformidad con la Regla 709(a) de las Reglas de Evidencia, 32 LPRA Ap. VI, estos peritos están obligados a notificar a las partes sus hallazgos. *Íd.,* a las págs. 426-427. De igual modo, y como imperativo del debido proceso de ley, **estarán sujetos a contrainterrogatorio** con relación a esos hallazgos. *Íd.,* a la pág. 429. Respecto a esto, el Tribunal Supremo citó las expresiones de la Jueza Asociada Pabón Charneco (emitidas como Jueza del Tribunal de Apelaciones) de las cuales resaltamos las siguientes:

A fin de velar porque una determinación de custodia guarde todas las garantías circunstanciales de corrección, las partes deben tener no s[o]lo una oportunidad pro-forma de presentar y refutar prueba, sino que puedan hacerlo con efectividad. A tales efectos, es necesario que las partes afectadas por un Informe de una Trabajadora Social puedan formular

objeciones al mismo y/o presentar prueba **en contra de las conclusiones de dicho Informe**. En consecución de este fin, deben tener acceso a los Informes Sociales … […]" *Íd.*, a la pág. 429.[13]

**El testimonio pericial**

En *Dye-Tex P.R., Inc. v. Royal Ins. Co., P.R.*, 150 DPR 658, 663-664 (2000) nuestro alto foro consignó lo siguiente:

[…], la Regla 53 de Evidencia regula lo relativo al testimonio pericial. A tales efectos dispone:

(A) Toda persona está cualificada para declarar como testigo pericial si posee especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficientes para cualificarla como un experto o perito en el asunto sobre el cual habrá de prestar testimonio. **Si hubiere objeción de parte**, dicho especial conocimiento, destreza, adiestramiento o instrucción **deberán ser probados antes de que el testigo pueda declarar como perito**.
(B) El especial conocimiento, destreza, experiencia, adiestramiento o instrucción de un testigo pericial podrán ser probados por cualquier evidencia admisible, incluyendo su propio testimonio. 32 LPRA Ap. IV, R. 53.

Como podrá apreciarse, la referida regla adopta una norma liberal sobre la capacidad para declarar como perito. [nota al calce omitida]. El peritaje puede ser producto de educación formal, o de conocimientos adquiridos por la experiencia. [nota al calce omitida]. Así, **no es necesario poseer una licencia para practicar una profesión o tener preparación académica formal para cualificar como perito**. [citas omitidas]
Ahora, si bien es cierto que existe liberalidad en cuanto a la capacidad pericial esto no significa que la mayor o menor competencia del perito sea irrelevante **para apreciar su *valor probatorio***. [nota al calce omitida]. Aunque un mínimo de evidencia sea suficiente para establecer la cualificación como perito, cuando las credenciales de un perito son excelentes, conviene ofrecer toda la evidencia en cuanto a ello, **de modo que el valor probatorio sea mayor**. [cita omitida]. [Énfasis nuestro, itálica en el original]"

Por último, destacamos que la cualificación pericial es una determinación exclusiva del juzgador **luego de celebrar una vista al amparo de la Regla 109 de las Reglas de Evidencia**, 32 LPRA Ap. VI R. 109, la cual regula las determinaciones preliminares a la admisibilidad de evidencia.

---

[13] Citando la Sentencia dictada en *Marrero v. López Negrón*, KLCE2005001093, resuelto el 13 de septiembre de 2005.

**III.**

En esencia, la peticionaria señaló que erró el foro recurrido al emitir una orden limitando el testimonio de su perito solo para impugnar las evaluaciones psicológicas. Sin duda la controversia aquí planteada está incluida en la Regla 52.1 de las de Procedimiento Civil, *supra*, y analizada al palio de los criterios de nuestra Regla 40, determinamos expedir el recurso solicitado por ser el momento más propicio para atenderla. Por estar los errores relaciones entre sí, lo discutiremos en conjunto.

En el presente caso la peticionaria anunció que presentaría como perito de impugnación a la Dra. Ana Rosa Díaz Miranda, psicóloga, y adelantó con su moción el *Curriculum Vitae* de esta. Sin objeción de la otra parte y **sin haber celebrado una vista** al palio de la Regla 109 de las de Evidencia, el TPI emitió la orden recurrida delimitando el testimonio del perito por entender, **sin fundamento alguno**, que las evaluaciones psicológicas y el contenido del informe social "son disciplinas distintas y se aplican teorías y metodologías diferentes." El foro recurrido erró al así hacerlo.

Del derecho antes consignado surge claramente que las partes no solo tienen derecho a recibir copia del informe social que realiza la Unidad Social, sino que, además, **a contrainterrogar a la Trabajadora Social sobre sus hallazgos y recomendaciones**. Como indicamos, y como parte del debido proceso de ley, también incluye la oportunidad de presentar prueba de impugnación, lo cual puede incluir otros informes periciales. En ese sentido, desconocemos a qué se refirió el TPI al consignar "que son disciplinas distintas".

Por otra parte, reiteramos que en nuestro ordenamiento evidenciario las cualificaciones de un perito pueden ser objetadas, **por una parte**, y una vez objetada, es que el tribunal determinará si celebrará una vista al palio de la Regla 109 de las de Evidencia.

Puntualizamos que, incluso al amparo de la Regla 107, el tribunal puede realizar una admisibilidad limitada cuando así haya sido solicitado previamente **por una parte**. En el caso de autos, el recurrido aceptó el informe y sus recomendaciones. Sin embargo, del trámite procesal ante el TPI no surge que este haya objetado las cualificaciones de la perito anunciada por la peticionaria.

Reiteramos que las cualificaciones de un perito es un asunto preliminar de admisibilidad de evidencia que requiere la celebración de una vista según dispone nuestro ordenamiento, y luego de escuchada la prueba el TPI podrá excluir dicho testimonio o delimitar el mismo. Además, es luego de celebrada la vista de impugnación que se aquilata el valor probatorio que dicho testimonio pericial merezca.

En conclusión, los errores señalados se cometieron por lo que procede dejar sin efecto el dictamen impugnado por ser este uno contrario a derecho.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos la *Orden* recurrida.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones