Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>JOSÉ RICARDO MARTÍNEZ ALEMAÑY T/C JOSÉ RICARDO MARTÍNEZ ALEMAÑY<br><br>Apelante | KLAN202300978 | Apelación procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Sobre:<br>Art. 204 C.P. y Art. 182 C.P.<br><br>Caso Núm.:<br>CBD2023G0029<br>CBD2023G0030 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

El apelante, señor José Ricardo Martínez Alemañy, comparece ante nos para que revoquemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala de Arecibo, el 3 de octubre de 2023. Mediante la misma, al apelante fue declarado convicto por infracción a los Artículos 182 y 204 del Código Penal de 2012, 33 LPRA secs. 5252 y 5274, disposiciones que respectivamente tipifican los delitos de apropiación ilegal agravada y fraude en la ejecución de obras.

Por los fundamentos que expondremos a continuación, se revoca, en parte, la *Sentencia* apelada.

**I**

Por hechos ocurridos el 30 de junio de 2022, y luego de los trámites de rigor, el Ministerio Público presentó dos acusaciones contra el aquí apelante, por la comisión de los delitos de apropiación ilegal agravada y fraude en la ejecución de obras, respectivamente tipificados en los Artículos 182 y 204 del Código Penal de 2012, 33 LPRA secs. 5252 y 5274. Las acusaciones pertinentes leen como sigue:

**Artículo 182 del Código Penal de 2012**

El referido imputado, arriba indicado, allá en o para la fecha arriba indicada y en Arecibo, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Arecibo, ilegal, voluntaria y criminalmente se apropió, sin violencia ni intimidación, materiales y equipo de construcción consistente[s] en un *torch head* y en una *Delta shower trim*, 1 mezcladora, un *trigger tool* y 11 pailas de sellador de techos marca Black Jack y Master Flex PL Sealer; que suma alrededor de $3,416.08, propiedad y/o bienes pertenecientes a María Scharón González.

**Artículo 204 del Código Penal de 2012**

El referido imputado, allá en o para la fecha arriba indicada y en Arecibo, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Arecibo, ilegal, voluntaria y criminalmente, incumplió con el contrato de mejoras con María Scharón González para ejecutar una obra de remodelación de la residencia de la perjudicada, en el Bo. Islote, Sec. Boan, Carr. 681 km de Arecibo y luego de recibir la cantidad de $26,083.00 como pago parcial para ejecutar el trabajo contratado, con la intención de defraudar, incumplió la obligación de completar la obra de remodelación según pactada. Consistente en que contrato con la perjudicada la remodelación de la residencia antes mencionada por $43,000.00 en mano de obra para ser terminada en 90 días, recibiendo la cantidad de $26,083.00 en plazos pagados a este por la perjudicada; sin que hasta la fecha haya terminado dicha remodelación y siendo el total de mano de obra real realizado hasta el momento de $8,800.00 y reteniendo dicho imputado para sí $17,283.00 por servicios que no ha realizado.

Una vez cumplidos los trámites procesales de rigor, durante los días 28 de junio, 14, 15 y 24 de agosto de 2023, se celebró el juicio correspondiente por tribunal de derecho. Como parte de su prueba, el Ministerio Público ofreció en evidencia el testimonio de la señora María Teresa Scharón González, víctima en el caso. Igualmente, presentó la declaración del señor Josué Rodríguez Valle, admitido como perito en construcción civil, así como la del agente Carlos Rodríguez Rivera, oficial a quien se le refirió la querella presentada por la señora Scharón González. El aquí apelante no presentó prueba testifical.

A su vez, el foro sentenciador admitió en evidencia la siguiente prueba documental por parte del Ministerio Público: *Exhibit* 1: copia

del contrato de obra; *Exhibit* 2: correo electrónico anejando contrato de obra y planos de construcción; *Exhibit* 3: copia de correo electrónico con fecha del 17 de agosto de 2022, anejando carta notificando la reducción del pago semanal pactado por concepto de las labores y listado de labores requeridas en la propiedad; *Exhibit* 4: fotografías de las obras incompletas; *Exhibit* 5: recibos y relación de compra de materiales de construcción en Centro de Terrazos y Azulejos, Inc., a nombre de la señora Scharón González; *Exhibit* 6: recibos de compra en National Lumber & Hardware; *Exhibit* 7: copia de comunicaciones entre el apelante y la señora Scharón González vía la plataforma *Whatsapp; Exhibit* 8: relación de pagos efectuados al apelante hasta el 24 de agosto de 2022, ello por una suma total de $26,083.00; *Exhibit* 9: relación de gastos por compra de materiales; *Exhibit* 10: carta con fecha del 22 de octubre de 2022 suscrita por el señor Josué Rodríguez Valle, estimando en $8,800.00 las labores realizadas por el apelante en la propiedad de la señora Scharón González. Por parte del apelante, el tribunal admitió como *Exhibit* 1 un recibo de crédito, por la suma de $79.61, ello a favor de la señora Scharón González.

Tras aquilatar toda la prueba sometida a su consideración, el 24 de agosto de 2023, el Tribunal de Primera Instancia emitió un fallo de culpabilidad en contra del apelante por los cargos imputados. En consecuencia, el 3 de octubre de 2023, dictó la *Sentencia* aquí apelada. Mediante la misma, impuso al apelante una pena de tres (3) años de reclusión por ambos delitos, a cumplirse de manera concurrente, bajo el beneficio de sentencia suspendida. Igualmente, por la comisión del delito del fraude en la ejecución de obras, el foro sentenciador le impuso una pena de restitución por la suma de $34,566.00, cuantía equivalente al doble del importe del dinero recibido para ejecutar el trabajo contratado. A su vez, por el

delito de apropiación ilegal, también se le impuso una pena de restitución de $3,157.05 y el pago de la pena especial.

Inconforme, el 2 de noviembre de 2023, el apelante compareció ante nos mediante el presente recurso de apelación. En el mismo, formula los siguientes señalamientos:

> Erró el Tribunal de Instancia al encontrar al apelante culpable sin que el Ministerio Público presentara prueba más allá de duda razonable para encontrar culpable al apelante de los delitos imputados.

> Erró el Tribunal al permitir como perito a una persona que no mostró estar cualificada como tal, suficiente como para considerarse un experto en el tema a declarar.

> Erró el Tribunal al darle credibilidad al testimonio del testigo que declaró como perito debido a que su testimonio fue basado en lo que unos terceros, que no eran testigos en el proceso le informaron.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

## I

## A

La Constitución del Estado Libre Asociado de Puerto Rico dispone que, en todo proceso de naturaleza criminal, el acusado de delito se presume inocente hasta tanto no se pruebe, de manera satisfactoria, su culpabilidad. Artículo II, Sección 11, Constitución de Puerto Rico, 1 LPRA. La *presunción de inocencia* constituye una de las máximas principales en el sistema de ley y orden vigente, por lo que, para ser rebatida, el sistema de derecho impone al gobierno el deber de cumplir con un *quantum* de prueba *más allá de duda razonable,* como carga probatoria requerida en su quehacer de encausar toda conducta amenazante a la seguridad pública. *Pueblo v. Toro Martínez,* 200 DPR 834, 855-856 (2018); *Pueblo v. Santiago et al,* 176 DPR 133, 142 (2009).

El deber del Estado no puede ser descargado livianamente. En este contexto, es premisa reiterada que dicha gestión no se alcanza sólo presentando prueba meramente suficiente en cuanto a todos los elementos del delito que se imputa a determinado ciudadano. La prueba debe ser, además, satisfactoria, es decir, que produzca la certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. *Pueblo v. Toro Martínez,* pág. 856; *Pueblo v. García Colón* I, 182 DPR 129, 174-175 (2011). Es así como se estima que la duda razonable no es una duda especulativa o imaginaria, así como tampoco cualquier vacilación posible. *Pueblo v. Irizarry*, 156 DPR 780, 788 (2002). *Duda razonable* es aquella que surge como producto del raciocinio de todos los elementos de juicio involucrados en el caso. En consecuencia, para que se justifique la absolución de un acusado, este aspecto probatorio debe ser el resultado de la consideración serena, justa e imparcial de la totalidad de la evidencia del caso, o de la falta de suficiente prueba en apoyo a la acusación. Así pues, la duda razonable no es otra cosa que la insatisfacción de la conciencia del juzgador con la prueba presentada. *Pueblo v. Irizarry,* supra, pág. 788.

De manera reiterada, nuestro Tribunal Supremo ha afirmado que la determinación de si se probó, o no, la culpabilidad del acusado a la luz de la referida carga probatoria, es revisable en apelación, ello dado a que la apreciación de la prueba desfilada en un juicio es un asunto combinado de hecho y derecho. *Pueblo v. Irizarry*, supra, pág. 788. Sin embargo, la estimación de la prueba corresponde al foro sentenciador, razón por la cual los tribunales apelativos sólo intervendrán con ella cuando concurran las circunstancias que legitimen su labor, o cuando la evidencia misma no concuerde con la realidad fáctica del caso, resultando ser inherentemente imposible. *Íd.,* pág. 789.

En lo pertinente, el Artículo 181 del Código Penal de 2012, tipifica el delito de *apropiación ilegal* como sigue:

Incurrirá en delito menos grave, toda persona que ilegalmente se apropie sin violencia ni intimidación de bienes muebles pertenecientes a otra persona en cualquiera de las siguientes circunstancias:

(a) cuando se toma o sustrae un bien sin el consentimiento del dueño, o
(b) cuando se apropia o dispone de un bien que se haya recibido en depósito, comisión o administración, o por otro título que produzca obligación de entregarlos o devolverlos, o
(c) cuando mediante engaño se induce a otro a realizar un acto de disposición de un bien.

El tribunal también podrá imponer la pena de restitución.

33 LPRA sec. 5251.

Como corolario de lo anterior, de conformidad con lo dispuesto en el Artículo 182 del Código Penal de 2012, la siguiente conducta configura la comisión del delito de *apropiación ilegal agravada:*

Toda persona que cometa el delito de apropiación ilegal descrito en el Artículo 181, y se apropie de propiedad o fondos públicos, será sancionada con pena de reclusión por un término fijo de quince (15) años. Toda persona que se apropie de bienes cuyo valor sea de diez mil dólares ($10,000) o más será sancionada con pena de reclusión por un término fijo de ocho (8) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta treinta mil dólares ($30,000).

Si el valor del bien apropiado ilegalmente es menor de diez mil ($10,000) dólares, pero mayor de quinientos ($500) dólares, será sancionada con pena de reclusión por un término fijo de tres (3) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta diez mil dólares ($10,000).

[…].

33 LPRA sec. 5252.

Por su parte, el delito de *fraude en la ejecución de obras*, se tipifica en el Artículo 204 del Código Penal de 2012 de la siguiente manera:

Toda persona que se comprometa a ejecutar cualquier tipo de obra y que, luego de recibir dinero como pago parcial o total para ejecutar el trabajo contratado, con

el propósito de defraudar incumple la obligación de ejecutar o completar la obra según pactada, será sancionada con pena de reclusión por un término fijo de tres (3) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta diez mil dólares ($10,000).

En todos los casos el tribunal ordenará, además, que la persona convicta resarza a la parte perjudicada por el doble del importe del dinero recibido como pago parcial o total para ejecutar el trabajo contratado.

El tribunal a su discreción, podrá ordenar la suspensión o revocación de licencia, permiso o autorización conforme los Artículos 60 y 78.

33 LPRA sec. 5274.

La trayectoria jurídica de la antedicha disposición reconoce que el delito de fraude en la ejecución de obras no pretende "penalizar cualquier incumplimiento de un contrato de obra de construcción". *Pueblo v. Padilla Soto,* 138 DPR 344, 347 (1995) (Sentencia). Así, el entendido doctrinal afirma que el mismo es uno de *intención específica,* es decir, que se comete con la intención específica de defraudar a aquellos con quienes el imputado se obligó. *Pueblo v. Sierra Rodríguez,* 137 DPR 903, 910 (1995). Por tanto, compete al Ministerio Público demostrar que este incumplió con los términos y condiciones de un contrato de obra de construcción, ello con el propósito definido de defraudar a las personas con quienes convino la misma. *Pueblo v. Padilla Soto,* supra, pág. 348. Destacamos que, el Artículo 14 (v) del Código Penal de 2012, define el concepto *defraudar* como "el acto cometido mediante ardid, simulación, trama o treta, o mediante cualquier forma de engaño". 33 LPRA sec. 5014 (v).

**B**

Por su parte, la doctrina prevaleciente en materia de derecho probatorio resalta la eficacia de la *prueba pericial,* cuando la correcta adjudicación de determinado asunto involucra cuestiones altamente técnicas. Su propósito fundamental es ilustrar y asistir al juzgador competente en cuanto a la materia sobre la cual un

experto habrá de emitir su opinión especializada, ello por estar revestida de una complejidad particular o técnica. R. Emmanueli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño; Nuevas Reglas de Evidencia 2010,* 3ra ed., San Juan, Ed. Situm, Inc., 2010, pág. 448; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 493-494 (2022). La Regla 702 de Evidencia, 32 LPRA Ap. VI, R. 702, establece que se permitirá la opinión pericial "cuando el conocimiento científico, técnico o especializado sea de ayuda para la juzgadora o el juzgador poder entender la prueba o determinar un hecho en controversia". El valor probatorio del testimonio dependerá, entre otros, de: (a) si el testimonio está basado en hechos o información suficiente; (b) si el testimonio es el producto de principios y métodos confiables; (c) si la persona testigo aplicó los principios y métodos de manera confiable a los hechos del caso; (d) si el principio subyacente al testimonio ha sido aceptado generalmente en la comunidad científica; (e) las calificaciones o credenciales de la persona testigo; y (f) la parcialidad de la persona testigo.

Conforme lo anterior, nuestro esquema legal prevé las circunstancias en las que los tribunales de derecho han de dirimir controversias que involucran un grado de conocimiento distinto al que se posee en materia normativa. De hecho, tanta es la relevancia de la participación de un experto en determinado asunto técnico en calidad de testigo perito, que los foros de justicia están plenamente facultados para requerirla, aun cuando no le sea solicitado por las partes. 32 LPRA Ap. VI, R. 709. Ahora bien, la norma relativa a los testigos peritos, única y exclusivamente es aplicable a las instancias en las cuales determinado conocimiento especializado es de suma importancia para dirimir una controversia judicial. Lo esencial es "la complejidad técnica o científica y no la complejidad legal, [puesto que] [l]os jueces son peritos en la materia jurídica y no necesitan la

ayuda de un perito [...]." R. Emmanueli Jiménez, *supra,* a la pág. 415. No obstante, el estado de derecho reconoce que "no es un requisito que el perito tenga una licencia específica para que su testimonio sea aceptado como pericial". *Cruz Flores et al. v. Hosp. Ryder et al.,* supra, pág. 494. Sin embargo, el hecho de "que existe liberalidad en cuanto a la capacidad pericial [...] no significa que la mayor o menor competencia del perito sea irrelevante para apreciar su valor probatorio". *Íd.,* págs. 494-495, citando a *Dye-Tex P.R., Inc. v. Royal Ins. Co., P.R.,* 150 DPR 658, 663-664 (2000). Por tanto, la ausencia de credenciales suficientes puede afectar el valor probatorio del testimonio pericial de que trate. *Cruz Flores et al. v. Hosp. Ryder et al.,* supra, pág. 495.

Resaltamos que la Regla 703 de Evidencia, *supra,* provee los términos de la cualificación de un testigo como perito. En específico, reza como sigue:

(A) Toda persona está calificada para declarar como testigo pericial si posee especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficiente para calificarla como experta o perita en el asunto sobre el cual habrá de prestar testimonio. Si hubiere objeción de parte, dicho especial conocimiento, destreza, adiestramiento o instrucción deberá ser probado antes de que la persona testigo pueda declarar como perita.

(B) El especial conocimiento, destreza, experiencia, adiestramiento o instrucción de una persona que es testigo pericial podrá ser probado por cualquier evidencia admisible, incluyendo su propio testimonio.

(C) La estipulación sobre la calificación de una persona perita no es impedimento para que las partes puedan presentar prueba sobre el valor probatorio del testimonio pericial.

**C**

Finalmente, "la tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o la jueza a la prueba presentada [...]". *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778 (2022); *Gómez Márquez et al. v. El*

*Oriental,* 203 DPR 783, 792 (2020), citando a *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013). De ahí que las determinaciones de credibilidad que realiza el tribunal primario están revestidas de una presunción de corrección, razón por la cual, en este aspecto, gozan de un amplio margen de deferencia por parte del foro intermedio. *Dávila Nieves v. Meléndez Marín,* supra. Asimismo, como norma, un tribunal apelativo está impedido de sustituir o descartar, por sus propias apreciaciones, las determinaciones de hechos que realiza el foro sentenciador, fundamentando su proceder en un examen del expediente sometido a su escrutinio. *Íd.*

De ordinario, el Tribunal de Primera Instancia es quien está en mejor posición para aquilatar la prueba testifical que ante sí se presentare, puesto que es quien oye y observa declarar a los testigos. *Pueblo v. Negrón Ramírez,* 2024 TSPR 41, 213 DPR ___, pág. 16; *Ortiz Ortiz v. Medtronic,* supra, págs. 778-779*; Gómez Márquez et al. v. El Oriental,* supra, pág. 792; *López v. Dr. Cañizares,* 163 DPR 119, 136 (2004). El juzgador de hechos goza de preeminencia al poder apreciar sus gestos, contradicciones, manierismos, dudas y vacilaciones, oportunidad que le permite formar en su conciencia la convicción de si dicen, o no, la verdad. *Pueblo v. Viruet Camacho,* 173 DPR 563, 584-585 (2008); *Pueblo v. Toro Martínez,* supra, págs. 857-858; *Pueblo v. García Colón I,* supra, pág. 165. Ahora bien, la normativa antes expuesta no es de carácter absoluto. Si bien el arbitrio del foro primario es respetable, sus dictámenes están sujetos a que los mismos se emitan conforme a los principios de legalidad y justicia. *Méndez v. Morales,* 142 DPR 26, 36 (1996). Al amparo de ello, el ordenamiento jurídico vigente dicta que el criterio de deferencia antes aludido cede, entre otras instancias, cuando se determina que el juzgador de hechos incurrió en pasión, prejuicio, parcialidad o error manifiesto.

*Pueblo v. Negrón Ramírez,* supra; *Gómez Márquez et al. v. El Oriental,* supra, pág. 793; *SLG Rodríguez v. Nationwide,* 156 DPR 614, 623 (2002). La doctrina reconoce que, ante una alegación de pasión prejuicio o parcial, el foro intermedio viene llamado a auscultar si, en efecto, el tribunal primario cumplió con adjudicar la controversia de que trate de manera imparcial, todo en la consecución de la misión de impartir justicia. *Gómez Márquez et al. v. El Oriental,* supra, pág. 793. "La pasión, el perjuicio o la parcialidad que puede dar base a revocar un dictamen, no surge necesariamente de algún conflicto previo entre el adjudicador y una de las partes, sino que tiende a manifestarse durante el proceso mismo". *Íd.* Por su parte, incurre en error manifiesto el tribunal de hechos, cuando sus conclusiones "están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida". *Íd.* Así pues, el error atribuido al ejercicio del tribunal primario debe establecer que, en la gestión de apreciar la prueba sometida ante sí, este se distanció de la realidad fáctica o descansó "exclusivamente en una parte de la prueba, mientras hubo otra [...] que la contradijera." *Íd; Méndez v. Morales,* supra, pág. 37.

**III**

En la causa de autos, el apelante en esencia plantea que erró el Tribunal de Primera Instancia al emitir un fallo de culpabilidad por ambos de los delitos que se le imputaron, ello sin que, a su juicio, el Ministerio Público cumpliera con la carga probatoria requerida. A su vez, aduce que el foro sentenciador incidió al admitir como perito a una persona no cualificada como experto en el tema en controversia y, en consecuencia, al adjudicar credibilidad a su testimonio. Habiendo examinado los referidos señalamientos a la luz de los hechos establecidos, la norma aplicable y la transcripción oral de los procedimientos, resolvemos revocar, en parte, la sentencia apelada.

Al entender sobre la prueba documental que obra ante nos, particularmente la transcripción oral del juicio celebrado en contra del apelante, entendemos que se hace meritorio imponer nuestro criterio revisor sobre parte de lo resuelto por el foro primario. Mediante la sentencia condenatoria que nos ocupa, el apelante resultó convicto, tanto por el delito de apropiación ilegal agravada, como por el de fraude en la ejecución de obras, respectivamente tipificados en los Artículos 182 y 204 del Código Penal de 2012, *supra.* Ciertamente, tal cual se dispuso, la prueba presentada por el Ministerio Público estableció, más allá de duda razonable, cada uno de los elementos del delito de apropiación ilegal agravada. No obstante, respecto a la convicción por el de fraude en la ejecución de obras, intimamos que no se probó el elemento mental requerido para configurar el mismo. Por tanto, en estricto derecho, nos vemos obligados a dejar sin efecto la determinación correspondiente.

A nuestro juicio, el testimonio de la señora Scharón González, conjuntamente con la prueba documental admitida en evidencia, demostró, a la luz de la carga probatoria exigida en la materia que atendemos, que el apelante, en efecto, retuvo y se apropió de ciertos materiales inherentes a la obra de construcción contratada. Igualmente, la declaración del agente Rodríguez Rivera, ello en cuanto a la admisión que al respecto le hiciere el apelante, también sostiene la referida conclusión. Por tanto, no podemos sino coincidir con la procedencia de la convicción decretada por el delito de apropiación ilegal agravada.

Conforme surge de la transcripción de los procedimientos, en su declaración, la señora Scharón González indicó que, en atención a ciertas mejoras y renovaciones necesarias en su propiedad, las cuales detalló ante el tribunal,[1] contrató con el apelante la

---

[1] Véase, TPO del 28 de junio de 2023, pág. 11.

construcción de las mismas, todo por un precio alzado de $43,000.00. Según sostuvo, establecieron como fecha del contrato el 30 de junio de 2022, día en el que estaba supuesto el inicio de la obra en controversia, a vencer el 30 de septiembre de 2022, fecha para la cual la misma debía haberse completado.[2] De conformidad con su declaración, la testigo dejó establecido que, como parte del acuerdo, el apelante recibiría un pago semanal de $3,583.33 por sus labores en la propiedad, ello hasta que este culminara la obra[3]. Sobre dicho particular, afirmó haberle desembolsado una suma de $26,000.00[4] y, en lo pertinente al delito de apropiación ilegal agravado, afirmó que el apelante retuvo, no entregó y, a su vez, adquirió materiales de construcción, todo a su costo y sin autorización.

En específico, la señora Scharón González declaró que, tras ver el retraso en el desarrollo de la obra, requirió al apelante la entrega inmediata de ciertos materiales que le proveyó y de otros que este, de manera unilateral, y utilizando una línea de crédito a ella extendida en determinado establecimiento comercial, sin anuencia previa adquirió.[5] Al respecto, mediante su testimonio, y la debida presentación de los recibos pertinentes, se demostró que esta le hizo entrega al apelante de seis pailas de sellador de techo, valoradas en $1,940.03, que nunca fueron utilizadas en la propiedad y que nunca este le devolvió.[6] Igualmente, quedó establecido ante el tribunal sentenciador que, bajo la línea de crédito de la señora Scharón González, el apelante compró cinco pailas adicionales de sellador de techo, cuyo valor ascendió a $752.45, así como un *Delta shower trim,* por $149.95, un *torch head,* por $52.95,

---

[2] *Íd.* págs. 42-43.
[3] *Íd.*, págs. 47-48.
[4] *Id.*, pág. 67.
[5] Véase, TPO de 14 de agosto de 2023, pág. 66.
[6] *Íd.*, págs-113-114.

y un *trigger tool* valorado en $109.95.[7]   Según lo afirmado por la testigo, el apelante retuvo para sí y nunca entregó los referidos materiales, así como, tampoco, una mezcladora que, también fue adquirida por la señora Scharón González, ello por el precio de $140.75, y que el apelante tenía bajo su tenencia.[8]

Según pudimos constatar, el testimonio de la señora Scharón González en cuanto a este aspecto, si bien, por sí, nos parece concluyente y creíble, fue corroborado, no solo por los recibos y facturas de compra debidamente admitidos en evidencia, sino, también por la declaración del agente Rodríguez Rivera. De conformidad con el contenido de la transcripción de los procedimientos, surge que el apelante, durante los procedimientos del caso, expresamente admitió al Agente tener bajo su posesión los antedichos materiales, quien le instruyó dialogar el asunto con su abogado.[9]   Ello, unido a lo antes expuesto, nos lleva a concluir que, tal cual lo resuelto, los elementos del delito de apropiación ilegal agravada concurrieron en la causa de autos, por lo que únicamente procede confirmar la convicción que, por la comisión del mismo, se decretó en cuanto al aquí apelante.

Ahora bien, conforme previamente indicáramos, tal no es nuestro parecer respecto a lo resuelto en cuanto al cargo imputado al apelante por el delito de fraude en la ejecución de obras. Tal cual esbozáramos en nuestra exposición doctrinal, dicha conducta delictiva es una de intención específica, condición que necesariamente supone el propósito indefectible del actor de defraudar a aquellos con quienes se obligó a la ejecución de la misma. Es precisamente dicho elemento el que, a la luz de la prueba

---

[7] *Íd.*, pág.114; TPO de 14 de agosto de 2023, págs. 40, 44, 48, 49.
[8] Véase, TPO de 28 de junio de 2022, págs. 108-109; TPO de 14 de agosto de 2022, págs. 19-20.
[9] Véase, TPO del 15 de agosto de 2023, pág. 12.

presentada en el juicio, no nos parece que se haya establecido ante el tribunal primario.

Al remitirnos a la transcripción de los procedimientos, surge que el incumplimiento atribuido al apelante, en parte se produjo a instancias de la propia señora Scharón González Según indicáramos, la señora Scharón González testificó sobre los términos del contrato de obra en disputa, entre los cuales, figuró el acuerdo del pago específico por la obra pactada que los involucrados convinieron. Al respecto, la transcripción de los procedimientos permite constatar la expresa afirmación de la testigo en cuanto a que, ante el retraso en el desarrollo de la obra en disputa, optó por reducir la cantidad de dinero constitutiva del pago semanal pactado.[10] Específicamente, surge que la testigo fue confrontada con copia de un correo electrónico por ella suscrito del 17 de agosto de 2022 y dirigido al apelante, documento debidamente admitido en evidencia, por el cual le informó su determinación unilateral de reducir el pago semanal de $3,583.33 a $1,200.00. De conformidad con la prueba desfilada en el juicio, dicha incidencia tuvo un efecto sobre la ejecución del apelante. De la transcripción de los procedimientos surge que, al ser confrontada con copia de las comunicaciones privadas habidas entre ella y el apelante por la plataforma de *Whatsapp*, documentos también admitidos en evidencia, la testigo dio lectura a un mensaje con fecha del 12 de octubre de 2022, en virtud del cual el apelante expresamente le indicó que no podía continuar los trabajos de construcción en su propiedad, toda vez la paralización de los fondos pactados.[11] A su vez, y a fin de sostener la conclusión en cuanto a la falta del elemento mental del delito en cuestión, surge del

---

[10] Véase, TPO de 28 de junio de 2023, págs. 77-78.
[11] Véase, TPO de 14 de agosto de 2023, pág. 20; *Exhibit 7* del Ministerio Público, conversación identificada con fecha: 10/12/22, 8:18:29 am.

contrainterrogatorio del agente Rodríguez Rivera que, al inquirírsele sobre los términos de la entrevista que realizó al apelante al investigar la querella radicada por la señora Scharón González, el apelante le manifestó tener la intención de continuar la obra de construcción en controversia, pero que "no tenía dinero".[12]

Además, intimamos pertinente sumar a lo anterior el aspecto de la temporalidad suscitada entre un mensaje remitido por la señora Scharón González al apelante y la radicación de la querella criminal que originó la causa de autos. Surge del *Exhibit 7* del Ministerio Público que, el 5 de octubre de 2022, la testigo envió al apelante un mensaje comunicándole su satisfacción con el progreso de la obra contratada.[13] Ciertamente, ello permite entrever que, pese a los inconvenientes suscitados en el cumplimiento específico del contrato de obra en disputa, este continuó ejerciendo las labores pactadas. No obstante, el 18 de octubre siguiente, transcurridos solo trece (13) días de la referida manifestación de conformidad, la señora Scharón González se querelló en contra del apelante, dando curso, en consecuencia, al proceso criminal objeto del presente pronunciamiento. A nuestro juicio, esta incidencia goza de la suficiencia requerida para establecer una duda fundada en cuanto a la concurrencia del elemento mental en disputa, y, a su vez, evidencia que la señora Scharón González no le dio tiempo suficiente al apelante para completar la obra. Por tanto, esto, unido a lo previamente expuesto según establecido por la prueba que aquí obra, nos permite concluir que el "propósito de defraudar" estatuido el Artículo 204 como parte de los elementos del delito de fraude en la ejecución de obras, no se probó. Así pues, la convicción que al respecto se emitió debe dejarse sin efecto.

---

[12] Véase, TPO de 15 de agosto de 2023, pág. 17.
[13] Véase, *Exhibit 7* del Ministerio Público, conversación identificada con fecha: 10/5/22, 1:44:49.

De otra parte, en su recurso, el apelante impugna la credibilidad que el Tribunal de Primera Instancia arrogó al testimonio del señor Josué Rodríguez Valle, ello tras cualificarlo como perito el caso en materia de construcción civil. En esencia, aduce que este no contaba con las credenciales necesarias para ilustrar al tribunal, razón por la cual, afirma, su testimonio no debió haber sido considerado.

En principio, nada en la transcripción de los procedimientos revela que, al momento de cualificar al señor Rodríguez Valle como perito en el caso, el apelante haya presentado una objeción debidamente fundamentada en derecho, ello de conformidad con las exigencias establecidas en el ordenamiento probatorio vigente. Véase, Regla 105 de Evidencia, 32 LPRA Ap. VI, R. 105. Dicha omisión, en efecto impide a este Foro entender en torno a su planteamiento, por lo que, en ausencia de criterio legal que nos faculte a actuar en contrario, nada podemos dictar al respecto. Ahora bien, destacamos que, tal y como indicáramos en nuestra previa exposición normativa, en consideración al margen de liberalidad que se reconoce en el empleo de prueba pericial para propósitos de ilustrar a un tribunal, el ordenamiento jurídico valida el que una persona funja como tal aun cuando no tenga una licencia específica sobre la materia sometida al escrutinio de la maquinaria judicial. De ahí que su competencia, o no, en la materia para la cual se le propone, es un asunto de valor probatorio y credibilidad, únicamente revisable de mediar pasión, prejuicio o parcialidad. En este contexto, al entender sobre lo declarado por el señor Rodríguez Valle, nada nos sugiere que su admisión como perito en el caso de autos haya sido producto de un ejercicio judicial errado e irrazonable. Siendo de este modo, y toda vez que el apelante nada estableció al respecto, nos abstenemos de expresarnos. A igual determinación llegamos, ello en cuanto a entender sobre el

planteamiento relativo a la credibilidad arrogada al testimonio del señor Rodríguez Valle. Toda vez que, mediante el presente pronunciamiento, dejamos sin efecto la convicción decretada en contra del apelante por el delito de fraude en la ejecución de obras, pronunciarnos al respecto sería inconsecuente.

En mérito de lo antes expuesto, se revoca, en parte, la *Sentencia* criminal aquí apelada. Se deja sin efecto la convicción decretada por el delito de fraude en la ejecución de obras, toda vez que el Ministerio Público no probó el elemento mental requerido para la comisión de dicha conducta delictiva, ello según tipificada la referida conducta en el Artículo 204 del Código de 2012, *supra.* Por lo demás, el dictamen se sostiene en toda su extensión.

**IV**

Por los fundamentos que anteceden, se revoca en parte la *Sentencia* apelada, ello a los únicos fines de dejar sin efecto la convicción decretada en contra del apelante por infracción al Artículo 204 del Código de 2012, *supra,* que tipifica el delito de fraude en la ejecución de obras.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones