CC-1998-830                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Dye-Tex Puerto Rico, Inc.<br>      Recurrida<br><br>      v.<br><br>Roya Insurance Company of Puerto Rico, Inc.<br>      Peticionaria | Certiorari<br><br>2000 TSPR 54 |

Número del Caso: CC-1998-0830

Fecha: 27/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional V

Juez Ponente: Hon. Yvonne Feliciano

Abogados de la Parte Peticionaria: Lcda. Carmen S. Vélez Vázquez
                                   Lcdo. Amancio Arias Guardiola

Abogados de la Parte Recurrida:    Lcdo. Miguel Limeres Grau


Materia: Acción Civil


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dye-Tex Puerto Rico, Inc.

    Demandante-Recurrida

      v.                  CC-1998-830     Certiorari

Royal Insurance Company
of Puerto Rico, Inc.

    Demandada-Peticionaria

Opinión del Tribunal emitida por el Juez Asociado señor Federico Hernández Denton

San Juan, Puerto Rico, a 27 de marzo de 2000.

Royal Insurance Company of Puerto Rico, Inc. nos solicita revisar una sentencia del Tribunal de Circuito de Apelaciones, mediante la cual se confirmó un dictamen del foro de primera instancia que le ordenó pagar cierta suma por los daños que sufriera una caldera propiedad de la recurrida. Por entender que se incidió en la apreciación de la prueba pericial relativa a la causa del fallo de la caldera, revocamos.

I

Dye-Tex Puerto Rico, Inc. (en adelante, Dye-Tex) es una compañía que se dedica a la terminación de textiles. En sus labores utilizaba una caldera para

producir vapor, la cual estaba asegurada por Royal Insurance Company of Puerto Rico (en adelante, Royal). En agosto de 1993 dicha caldera sufrió una avería, estimándose su reparación en $108,000.00. Por tal razón, Dye-Tex demandó a Royal reclamando de ésta cubierta para los gastos de reparación de la referida caldera.

La controversia planteada ante el Tribunal de Primera Instancia quedó circunscrita a determinar la causa del fallo de la caldera. La existencia de cubierta para la asegurada depende exclusivamente de tal determinación. Las partes aceptaron que si la causa del fallo fue un nivel bajo de agua el daño estaría cubierto por la póliza de seguro. Por el contrario, si la causa del fallo fue el pobre mantenimiento de la caldera, no habría cubierta.

La prueba presentada por las partes, para sustentar sus respectivos argumentos, consistió, esencialmente, del testimonio de varios peritos. Royal presentó el testimonio de los ingenieros Francisco Cabán Vale y Ulpiano Castillo Vela. Por su parte, Dye-Tex presentó el testimonio del Sr. James J. Fitzpatrick.

El Sr. Francisco Cabán Vale, perito de Royal, es ingeniero mecánico desde 1967. En 1969 aprobó el examen de inspector de calderas de la "American Society of Mechanical Engineers". Actualmente está a cargo de la inspección de calderas de alrededor del noventa porciento (90%) de las farmacéuticas.

Cabán Vale examinó la caldera a los dieciocho (18) días de ocurrido el fallo y manifestó que lo sucedido no fue un accidente sino producto del deterioro gradual, debido a muchos años de falta de mantenimiento del agua. Testificó que aunque invitó al señor Fitzpatrick, perito de Dye-Tex, a que le acompañara en su próxima inspección de la caldera, éste no aceptó.

El señor Castillo Vela, perito de Royal, es ingeniero mecánico desde 1949. En dicho año fue certificado por el Departamento del Trabajo como inspector autorizado de calderas. Lleva sobre cuarenta (40) años envuelto en aspectos de evaluación, inspección, construcción y reparación de calderas.

Inicialmente Castillo Vela fue contratado por Dye-Tex para investigar la causa del fallo, lo cual hizo a los dos (2) meses de éste ocurrir. Sin embargo, esta compañía no estuvo de acuerdo con sus hallazgos, por lo que decidió no presentarlo como perito. Cabe resaltar que el ingeniero Castillo Vela solicitó los registros de mantenimiento de la caldera pero nunca le fueron entregados. El referido ingeniero testificó que era evidente el pobre mantenimiento de la caldera y que el deterioro que observó sólo podía ser el resultado de un largo periodo de mantenimiento inadecuado.

El Sr. James J. Fitzpatrick, presentado como perito por Dye-Tex, no posee licencia de ingeniero ni tiene créditos en metalurgia. Este examinó la caldera ocho (8) meses después

de los hechos, luego de que Dye-Tex descartara los hallazgos del ingeniero Castillo Vela. Fitzpatrick concluyó que el fallo de la caldera se debió a falta de agua. Cabe resaltar que dicha persona diagnosticó esta condición en el mismo instante que entró al horno, sin entrevistar testigos ni observar récords de mantenimiento o ver pruebas de laboratorio sobre la calidad del agua de alimentación de la caldera.

Luego de recibir la referida prueba, el foro de instancia declaró con lugar la demanda al determinar que la causa del fallo fue que la caldera dejó de recibir el suministro de agua necesario.

De esta sentencia Royal acudió al Tribunal de Circuito de Apelaciones, impugnado así la apreciación de la prueba pericial que hizo el foro apelado. Analizada dicha prueba, el Tribunal de Circuito confirmó la sentencia recurrida. Entendió que la causa del fallo de la caldera fue el resultado de un nivel bajo de agua.

Inconforme con esta decisión Royal recurrió ante nos. Alega, en esencia, que erró el foro apelativo en la apreciación de la prueba pericial.

Luego de acoger el recurso de certiorari presentado y examinar las comparecencias de las partes, procedemos a resolver.

## II

En síntesis, la controversia ante nos requiere que revisemos la apreciación de la prueba pericial que

realizaran los tribunales a quo. Por tal razón, al analizar dicha prueba, recordemos que es necesario que en primer lugar examinemos lo dispuesto en nuestro ordenamiento probatorio.

En el pasado hemos afirmado que los tribunales tienen amplia discreción en la apreciación de la prueba pericial pudiendo, aún, adoptar su propio criterio en la apreciación o evaluación de la misma y hasta descartarla aunque resulte técnicamente correcta. Culebra Enterprises Corp. v. E.L.A., res. el 31 de octubre de 1997, 143 D.P.R.__ (1997); Valldejuli Rodríguez v. A.A.A., 99 D.P.R. 917, 921 (1971); Prieto v. Maryland Casualty Co., 98 D.P.R. 594, 623 (1970).

Por su parte, la Regla 53 de Evidencia regula lo relativo al testimonio pericial. A tales efectos dispone:

> (A) Toda persona está cualificada para declarar como testigo pericial si posee especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficientes para cualificarla como un experto o perito en el asunto sobre el cual habrá de prestar testimonio. Si hubiere objeción de parte, dicho especial conocimiento, destreza, adiestramiento o instrucción deberán ser probados antes de que el testigo pueda declarar como perito.
> (B) El especial conocimiento, destreza, experiencia, adiestramiento o instrucción de un testigo pericial podrán ser probados por cualquier evidencia admisible, incluyendo su propio testimonio. 32 L.P.R.A. Ap. IV, R. 53.

Como podrá apreciarse, la referida regla adopta una norma liberal sobre la capacidad para declarar como perito.[1] El peritaje puede ser producto de educación formal, o de

---

[1] E. L. Chiesa, P.P.P.-I, Evidencia, Publicaciones JTS, pág. 244 (1983).

conocimientos adquiridos por la experiencia.[2] Así, no es necesario poseer una licencia para practicar una profesión o tener preparación académica formal para cualificar como perito. Véase, Chiesa, E. L. Chiesa, Tratado de Derecho Probatorio, *ob. cit* a la pág. 563; Louisell & Mueller, Federal Evidence, Vol. 3, L.C.P.-B.W., sec. 381 (1979); Weinstein & Berger, Weinstein´s Federal Evidence, Vol. 4, 2da edición, Matthew Bender, sec. 702.06 4 (1999).

Ahora, si bien es cierto que existe liberalidad en cuanto a la capacidad pericial esto no significa que la mayor o menor competencia del perito sea irrelevante para apreciar su valor probatorio.[3] Aunque un mínimo de evidencia sea suficiente para establecer la cualificación como perito, cuando las credenciales de un perito son excelentes, conviene ofrecer toda la evidencia en cuanto a ello, de modo que el valor probatorio sea mayor. E. L. Chiesa, P.P.P.-I, Evidencia, *ob. cit.* a la pág. 245.

Según señala el profesor E. L. Chiesa, el valor probatorio del testimonio pericial depende de varios factores, entre los que se destacan los siguientes: 1) las cualificaciones del perito; 2) la solidez de las bases de su testimonio; 3) la confiabilidad de la ciencia o técnica subyacente y; 4) la parcialidad del perito.[4]

---

[2] E. L. Chiesa, Tratado de Derecho Probatorio, Tomo I, Publicaciones JTS, pág. 562 (1998).
[3] *Id.* a la pág. 593.
[4] *Id.*

En pasadas ocasiones hemos señalado que la especialidad de un perito en cierta área puede ser decisiva en cuanto al valor probatorio de su testimonio. Véase, E. L. Chiesa, Tratado de Derecho Probatorio, *ob. cit.* a la pág. 594. Así, en Viuda de Torres v. Womble, 99 D.P.R. 859, 876 (1971), no le dimos crédito al testimonio pericial de un médico por no ser un especialista en el campo en cuestión. Igualmente, en Ríos Ruiz v. Mark, *supra*, señalamos que el testimonio de un doctor en medicina deportiva, sin estudios especializados en oftalmología, era insuficiente para superar la prueba de la parte demandada, que incluía los testimonios de dos especialistas.[5]

A igual conclusión ha llegado la literatura jurídica más autorizada sobre este tema. A tales efectos, se afirma que la carencia de especialidad concernida afecta el peso de la prueba pericial pero no la cualificación. Véase, E. L. Chiesa, Tratado de Derecho Probatorio, *ob. cit.* a la pág. 565; Payton v. Abbott Labs., 780 F.2d 147, 155 (1er Cir. 1985). Esto pues, la especialidad va más al valor probatorio que a la admisibilidad o cualificación pericial. Véase, E. L. Chiesa, P.P.P.-I, Evidencia, *ob. cit.* a la pág. 46 (1992); Weinstein & Berger, Weinstein´s Federal Evidence, *ob. cit.* sec.702.06[8]; Saltzburg, Martin & Capra, Federal Rules of Evidence, Vol. 2, Lexis Law Publishing, pág. 1221 (1998); Peteet v. Dow Chemical Co., 868 F.2d 1428, 1431 (5to Cir. 1989).

---

[5] E. L. Chiesa, P.P.P.-I, Evidencia, *ob. cit.* a la pág. 64, (1988-89).

En síntesis, aunque un generalista y un especialista cualifiquen ambos como peritos bajo la Regla 53, el especialista está en mejor posición respecto al valor probatorio de su opinión, pero ello no es factor determinante para la evaluación del testimonio pericial.[6]

Tomando en cuenta los pronunciamientos esbozados, nos corresponde examinar la prueba pericial presentada para así determinar si se incidió en su apreciación.


                                III

Luego de examinar la prueba que obra en autos entendemos que el foro apelativo erró en su apreciación. El cuidadoso estudio de los documentos presentados nos hace coincidir con los testimonios de los ingenieros Castillo Vela y Cabán Vale, quienes entendieron que los daños de la caldera fueron ocasionados por el deficiente tratamiento del agua utilizado. Ciertamente otorgamos mayor valor probatorio al testimonio de dichos peritos que al vertido por el señor Fitzpatrick, quien no posee licencia de ingeniero y examinó la caldera en una fecha posterior.

Como mencionáramos anteriormente, aunque exista liberalidad en cuanto a la capacidad pericial esto no significa que la mayor o menor competencia del perito sea irrelevante para apreciar su valor probatorio.

_____

[6] E. L. Chiesa, P.P.P.-I, Evidencia, *ob. cit.* a la pág. 270 (1983).

Las cualificaciones de los ingenieros Castillo Vela y Cabán Vale contrastan marcadamente con las del señor Fitzpatrick. A diferencia del señor Fitzpatrick, los señores Castillo Vela y Cabán Vale son ingenieros mecánicos con vasta experiencia en la inspección de calderas. Ciertamente no venimos obligados por el testimonio de Castillo Vela y Cabán Vale, ni por el hecho de que ambos sean especialistas en la materia. Sin embargo, no existe duda que sus cualificaciones inciden sobre el valor probatorio de su testimonio.

Igualmente, la solidez de las bases de sus testimonios superan a las del señor Fitzpatrick. Los ingenieros Castillo Vela y Cabán Vale examinaron la caldera en un tiempo más cercano a los hechos. Como mencionamos, no fue hasta ocho (8) meses después del fallo que el señor Fitzpatrick examinó la caldera, diagnosticando dicha falla ligeramente sin examinar testigos ni observar récords algunos. Ciertamente la prontitud con que se realicen los exámenes pertinentes es de suma importancia ya que a mayor tiempo transcurrido menor probabilidad de que la escena permanezca inalterada.

En lo referente al grado de parcialidad de los peritos, cabe destacar que el testimonio del ingeniero Castillo Vela refleja cierto grado de independencia de criterio. Como señalamos, inicialmente Castillo Vela fue contratado por Dye-Tex para examinar la causa del fallo. Sin embargo, a pesar de esto, dicho ingeniero entendió que la causa del fallo fue el mantenimiento inadecuado, lo que resultó ser adverso a los intereses de Dye-Tex. Es luego de esto que dicha compañía

recurre al señor Fitzpatrick, por no estar de acuerdo con los hallazgos de Castillo Vela.

Esta situación, cuando menos, fortalece el testimonio del referido ingeniero pues demuestra un juicio profesional independiente. Por el contrario, no podría decirse lo mismo del testimonio del señor Fitzpatrick, sobre todo si pensamos que fue contratado luego de estos eventos y diagnosticó el fallo desde el mismo instante que entró al horno, sin entrevistar testigos ni observar récords de mantenimiento.

De la anterior discusión y examinadas las cualificaciones de los peritos, la solidez de las bases de sus testimonios y su grado de parcialidad, al igual que la prueba que obra en autos, concluimos que el Tribunal de Primera Instancia incidió en la apreciación de la prueba presentada. A su vez, el Tribunal de Circuito de Apelaciones se equivocó al confirmar la sentencia de instancia sin examinar adecuadamente la prueba presentada y la competencia de cada uno de los peritos.

Por los fundamentos que preceden, revocamos tanto el dictamen del foro apelativo como el del Tribunal de Primera Instancia.

Se dictará la Sentencia correspondiente.

FEDERICO HERNÁNDEZ DENTON
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dye-Tex Puerto Rico, Inc.

   Demandante-Recurrida

   v.                                    CC-1998-830     Certiorari

Royal Insurance Company
of Puerto Rico, Inc.

   Demandada-Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 27 de marzo de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia del Tribunal de Circuito de Apelaciones.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo