ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| JOSÉ R. TRINIDAD JORGE<br><br>Parte Peticionaria<br><br><br>v.<br><br><br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Parte Recurrida | KLRA202400652 | *Revisión Judicial,* procedente de la Junta de Libertad bajo Palabra<br><br>Caso Núm.:<br>61369<br>Confinado Núm. 1-63900<br><br>Sobre:<br>No concesión del privilegio de Libertad bajo Palabra – volver a considerar |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de febrero de 2025.

Compareció ante este Tribunal la parte recurrente, el Sr. José R. Trinidad Jorge (en adelante, el "señor Trinidad Jorge" o "Recurrente"), mediante recurso de revisión judicial presentado el 25 de noviembre de 2024. Nos solicitó la revocación de la *Resolución* emitida por la Junta de Libertad bajo Palabra (en adelante, "la Junta" o "Recurrida") el 13 de mayo de 2024, notificada y archivada en autos el 20 de junio del mismo año. Dicho dictamen fue objeto de una "**Moción de Reconsideración**" interpuesta por el Recurrente, sin embargo, la Junta no actuó sobre la misma dentro del plazo estatutario de quince (15) días.

Por los fundamentos que expondremos a continuación, se *confirma* la *Resolución* recurrida.

**I.**

El señor Trinidad Jorge actualmente se encuentra confinado en la institución carcelaria federal "Lee County Industrial Park" en el estado de Virginia en Estados Unidos cumpliendo una pena de doscientos tres (203)

Número Identificador
SEN2025_____

años de prisión por los delitos de asesinato en primer grado, conspiración, asesinato en segundo grado y violación a la entonces vigente Ley Núm. 404-2000, según enmendada, conocida como la "Ley de Armas de Puerto Rico", (en adelante, "Ley de Armas"), 25 LPRA secs. 455 (derogada). Conforme a su expediente, este cumplirá la referida condena el 11 de enero de 2189. El 13 de agosto de 2018, la Junta adquirió jurisdicción sobre el caso para determinar si el Recurrente cumple con los requisitos para disfrutar del privilegio de libertad bajo palabra.

Así las cosas, el 13 de mayo de 2024, la Junta emitió una *Resolución* mediante la cual determinó que el señor Trinidad Jorge no cualifica para beneficiarse del privilegio de libertad bajo palabra. Específicamente, indicó que, por el momento, no es un buen candidato para merecer dicha concesión. De igual manera, resaltó que el Recurrente carece de un plan de salida corroborado en las áreas de residencia y amigo consejero por el Programa de Reciprocidad del Departamento de Corrección y Rehabilitación (en adelante, el "DCR"). Añadió que el caso volverá a ser considerado en el mes de mayo de 2025, fecha en la cual el DCR deberá someter el informe de ajuste y progreso con el plan de salida verificado.

Insatisfecho con lo anterior, el Recurrente presentó una "**Moción de Reconsideración**" en la que argumentó que la razón por la cual se encuentra en custodia máxima es porque el Gobierno de Puerto Rico le puso un "detainer", el cual le suma siete (7) puntos a su calificación de custodia. Asimismo, expresó que su hija, la Sra. Luz D. Trinidad Gotay (en adelante, la "señora Trinidad Gotay"), está dispuesta a brindarle alojamiento en su hogar. Además, expresó que el Sr. Victor Manuel Rosas se comprometía a ser su amigo consejero, cumpliendo así con el Programa de Reciprocidad del DCR. Esta solicitud no fue acogida por la Junta.

Aún inconforme con lo anteriormente resuelto, el Recurrente acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló que la Junta le violó su debido proceso de ley al no realizar las debidas investigaciones.

Por su parte, el 22 de enero de 2025, compareció la Oficina del Procurador General mediante "**Escrito en Cumplimiento de Resolución**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**I.**

**A.**

Es norma reiterada en nuestro ordenamiento jurídico que los tribunales apelativos están llamados a abstenerse de intervenir en las decisiones administrativas, ya que éstas poseen una presunción de legalidad y corrección. ECP Incorporated v. OCS, 205 DPR 268, 281 (2020); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Cónsono con ello, se ha resuelto que las decisiones de las agencias administrativas gozan de la mayor deferencia por los tribunales. Oficina de Ética Gubernamental v. Martínez Giraud, 210 DPR 79, 88-89 (2022). Ello debido a que dichos entes gubernamentales son los que poseen el conocimiento especializado y experiencia en los asuntos que les son encomendados. Buxó Santiago v. ELA, 215 DPR ___ (2024); 2024 TSPR 130; Super Asphalt v. AFI, 206 DPR 803, 819 (2021). En los casos de revisión judicial, "[e]l criterio a aplicarse no es si la decisión administrativa es la más razonable o la mejor al arbitrio del foro judicial; es, repetimos, si la determinación administrativa, en interpretación de los reglamentos y las leyes que le incumbe implementar, es una razonable". Rivera Concepción v. A.R.Pe, 152 DPR 116, 124 (2000).

La Sección 4.5 de la LPAU, dispone que "[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo". 3 LPRA sec. 9675. Así pues, la intervención judicial en estos casos ha de centrarse en tres aspectos principales: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos están razonablemente sostenidas por la prueba y (3) si las conclusiones de derecho del organismo administrativo son correctas. P.R.T.C. Co. v. J. Reg. Tel. de P.R., 151 DPR 269, 281 (2000). Podemos decir que la deferencia reconocida a la decisión de una agencia administrativa cede en las

siguientes circunstancias: cuando no está basada en evidencia sustancial, cuando el organismo administrativo ha errado en la aplicación de la ley y cuando ha mediado una actuación irrazonable o ilegal. T-JAC, Inc. v. Caguas Centrum Limited, 148 DPR 70, 80 (1999).

Las determinaciones de hechos de los organismos y agencias administrativas tienen a su favor una presunción de regularidad y corrección. Henríquez v. Consejo Educación Superior, 120 DPR 194, 210 (1987). De manera que los tribunales apelativos no intervienen con las determinaciones de hechos formuladas por una agencia administrativa si éstas están sostenidas por evidencia sustancial que surja del expediente administrativo. Asoc. Vec. H. San Jorge v. U. Med. Corp., 150 DPR 70, 75 (2000).

Según lo ha definido el Tribunal Supremo en diversas ocasiones, evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". Hilton Hotels v. Junta Salario Mínimo, 74 DPR 670, 687 (1953). Por ello, quien impugne las determinaciones de hechos de una agencia administrativa tiene el deber de presentar ante el foro judicial la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. El peso de la prueba descansa entonces sobre la parte que impugna la determinación administrativa. Com. Vec. Pro-Mej., Inc. v. J.P., 147 DPR 750, 761 (1999). Además, debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. Rebollo v. Yiyi Motors, 161 DPR 69, 76-77 (2002).

Las conclusiones de derecho, tal y como surge de la Sección 4.5 de la LPAU, *supra*, pueden ser revisadas en todos sus aspectos. 3 LPRA sec. 9675. Sin embargo, esto no significa que, al ejercer su función revisora, podamos descartar liberalmente las conclusiones e interpretaciones de la agencia, sustituyendo el criterio de ésta por el propio. "Al evaluar los casos

es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa". Adorno Quiles v. Hernández, 126 DPR 191, 195 (1990).

El foro judicial podrá sustituir el criterio del organismo administrativo por el propio únicamente en aquellas ocasiones que no encuentre una base racional que fundamente la actuación administrativa. No obstante, es axioma judicial que, ante la prueba pericial y documental, el tribunal revisor se encuentra en igual posición que el foro recurrido y, por tanto, está facultado para apreciar la prueba apoyándose en su propio criterio. Dye-Tex de P.R., Inc. v. Royal Ins. Co., 150 DPR 658, 662 (2000).

Sin embargo, la deferencia judicial en la revisión de determinaciones administrativas no conlleva la renuncia de este Tribunal a su función revisora. Simplemente, define el carácter limitado de la función revisora a casos apropiados. La deferencia reconocida no equivale a la dimisión de la función revisora de este foro apelativo intermedio en instancias adecuadas y meritorias, como resulta ser cuando la agencia ha errado en la aplicación de la ley. Reyes Salcedo v. Policía de P.R., 143 DPR 85, 94 (1987).

**B.**

El Artículo VI, Sección 19 de nuestra Carta Magna establece la política púbica del Estado de "reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sec. 19, Const. PR, LPRA, Tomo 1.

En lo concerniente a la controversia ante nos, la libertad bajo palabra es uno de los métodos disponibles para alcanzar la rehabilitación de las personas convictas de delitos. Así, la Ley Núm. 118 de 22 de julio de 1974, según enmendada, mejor conocida como "La Ley de la Junta de Libertad Bajo Palabra" (en adelante, "Ley Núm. 118") fue promulgada con el fin ulterior de reinsertar a los confinados a la sociedad y a su vez, proteger los intereses de la población en general incluyendo a las víctimas de delito. A

esos efectos, se creó la Junta de Libertad Bajo Palabra y se le concedió la facultad de decretar la libertad bajo palabra de cualquier persona recluida en una de las instituciones penales de Puerto Rico, siempre y cuando haya cumplido el término mínimo dispuesto por ley y que no se trate de un delito excluido de tal beneficio. 4 LPRA sec. 1503.

Agregado a lo anterior, el Artículo 3-D de la Ley Núm. 118, *supra*, establece que, para otorgar el privilegio de libertad bajo palabra a una persona encarcelada, es preciso evaluar los siguientes criterios:

> (1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.
> (2) Las veces que el confinado haya sido convicto y sentenciado.
> (3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.
> (4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.
> (5) El de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y el médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.
> (6) La edad del confinado.
> (7) El o los tratamientos para condiciones de salud que reciba el confinado.
> (8) La opinión de la víctima.
> (9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.
> (10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.
> (11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento. La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho. 4 LPRA sec. 1503d.

Es menester destacar que, una vez concedido este privilegio, la Junta puede imponer las condiciones que estime necesarias, por lo que la libertad del convicto es una cualificada. Benítez Nieves v. ELA et al., 202 DPR 818, 825 (2019). Es decir, las "condiciones restringen las actividades del liberado más allá de las restricciones comunes que se le imponen por ley a cada ciudadano". Íd. Además de conceder la libertad e imponerle condiciones a la misma, la Junta posee la autoridad de revocar la concesión del referido privilegio cuando el liberado revele, a través de su conducta, que no está preparado para beneficiarse plenamente del beneficio y tratamiento que implica la libertad bajo palabra. 4 LPRA sec. 1503.

En consonancia con lo anterior, el Reglamento Núm. 9232 de 18 de noviembre de 2020, mejor conocido como el "Reglamento de la Junta de Libertad Bajo Palabra" (en adelante, "Reglamento Núm. 9232") fue promulgado en virtud de la Ley Núm. 118, *supra*, con el objetivo de establecer las normas procesales que regirán en el descargo de la función adjudicativa de la Junta de Libertad Bajo Palabra y salvaguardar los derechos reconocidos a las personas convictas de delito como parte de su debido proceso de ley. Art. II, Reglamento Núm. 9232, *supra*.

En lo aquí pertinente, la Sección 10.1 del Reglamento Núm. 9232, *supra*, establece que las solicitudes serán evaluadas caso a caso, conforme al grado de rehabilitación que presente el convicto durante el término que ha estado en prisión. Igualmente, dispone que entre los criterios que se tomarán en consideración, se encuentran los siguientes: (1) historial delictivo, (2) relación de las sentencias que cumple el peticionario, (3) la clasificación de custodia y el tiempo que lleva en dicha clasificación, (4) edad del peticionario, (5) opinión de la víctima, (6) historial social, (7) si cuenta con un plan de salida viable y estructurado, (8) historial de salud, (9) si se registró en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores o en el Registro de Personas Convictas por Delitos de Violencia Doméstica y (10) cumplimiento con la toma de muestra de ADN. **Por último, respecto a la clasificación de custodia, el referido Reglamento establece manifiestamente que la Junta no concederá libertad bajo palabra a aquellas personas que se encuentren en custodia máxima**. Sección 10.1, Reglamento Núm. 2332, *supra*.

### III.

En el presente caso, el señor Trinidad Jorge nos solicitó la revocación de la *Resolución* emitida por la Junta en la que se le denegó el privilegio de libertad bajo palabra. En síntesis, el Recurrente sostiene que la Junta le vulneró su derecho a un debido proceso de ley al omitir las investigaciones correspondientes.

Surge del expediente ante nuestra consideración que el señor Trinidad Jorge se encuentra cumpliendo una sentencia de doscientos tres

(203) años de prisión en la institución carcelaria "Lee County Industrial Park" por los delitos de asesinato en primer grado, conspiración, asesinato en segundo grado y violación a la derogada Ley de Armas, *supra*. El 13 de agosto de 2018, la Junta adquirió jurisdicción sobre su caso para determinar si procedía concederle el privilegio de libertad bajo palabra. **Del expediente también se desprende que, desde el 30 de diciembre de 2020 el Recurrente se encuentra clasificado en custodia máxima de seguridad**. Además, se desprende que éste carece de un plan de salida corroborado en las áreas de residencia y amigo consejero por el Programa de Reciprocidad del DCR. Tampoco presentó una oferta de empleo para la corroboración de la Junta.

Tal y como hemos especificado, nuestra Constitución establece que una parte de la política pública de Puerto Rico radica en la reglamentación de las instituciones penales y en la aprobación de tratamientos adecuados para los delincuentes, con el fin de facilitar su rehabilitación moral y social. Art. VI, Sec. 19, Const. PR, LPRA, Tomo 1. Así pues, la Ley Núm. 118, *supra*, fue promulgada con el objetivo de reinsertar a los confinados a la sociedad, mientras se protegen los intereses de la población en general incluyendo a las víctimas de delito.

No obstante lo anterior, estos deben cumplir las condiciones y términos mínimos dispuestos por ley y no pueden haber cometido los delitos que están excluidos de tal beneficio. 4 LPRA sec. 1503. En sintonía con ello, el Reglamento Núm. 9232, *supra*, establece que, para conceder el referido beneficio, se debe tomar en consideración el historial delictivo de la persona, su clasificación de custodia y si cuenta con un plan de salida viable y estructurado. **En lo que respecta a la clasificación de custodia, dicho Reglamento establece de manera inequívoca que la Junta no concederá libertad bajo palabra a aquellos confinados que se encuentren bajo custodia máxima**.

Tras un análisis minucioso del expediente ante nuestra consideración, hemos arribado a la conclusión de que el Recurrente no logró derrotar la presunción de corrección de la determinación administrativa que

le denegó el privilegio de la libertad bajo palabra. **Dicha conclusión se sustenta en la ausencia de controversia respecto a que el señor Trinidad Jorge se encuentra actualmente bajo custodia en régimen de máxima seguridad, circunstancia que lo excluye de la posibilidad de obtener dicho beneficio, conforme lo dispuesto en el Reglamento, 9232,** *supra*.

Aun en el supuesto de que no estuviera en esa clasificación, el Recurrente no presentó una oferta de empleo ni un plan de salida debidamente verificado por el DCR, lo que hacía altamente improbable que se le hubiese concedido dicho privilegio. Sin embargo, no podemos pasar por alto que este asunto será reevaluado en tres (3) meses, fecha en la cual, de haberse producido algún cambio en las circunstancias, el señor Trinidad Jorge podría optar nuevamente por solicitar obtener la libertad bajo palabra ante la Junta. Adicionalmente, los argumentos relativos a que el "detainer" que le impuso el Gobierno de Puerto Rico que le suma siete (7) puntos a su calificación de custodia, la disponibilidad de alojamiento y la existencia de una persona dispuesta a fungir como amigo consejero no han sido evaluados por la agencia con *expertise* en el asunto, por lo que estamos impedidos de intervenir a esta etapa de los procedimientos. Nada impide que el Recurrente pueda exponer dichos planteamientos ante la Junta, una vez llegue el próximo mes de mayo que es la fecha en que podrá someterse nuevamente ante la jurisdicción de dicho ente administrativo.

En fin, en el ejercicio de nuestra función revisora, venimos compelidos a darle deferencia a la especialización, experiencia y las cuestiones propias de la discreción o pericia de las agencias administrativas. Tal y como hemos adelantado, somos de la opinión de que la agencia recurrida no actuó de manera arbitraria, ilegal, irrazonable o fuera del marco de los poderes que se le delegaron y, por tanto, no se cometieron los errores imputados.

**IV**.

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *confirma* la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones