ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JOSEPH ACEVEDO MALDONADO<br><br>Parte Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | TA2025RA00038 | *Revisión Judicial,* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>B-279-25<br><br><br>Sobre:<br><br>Dieta |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de julio de 2025.

Compareció ante este Tribunal la parte recurrente, Sr. Joseph Acevedo Maldonado (en adelante, "señor Acevedo Maldonado" o "Recurrente"), mediante recurso de revisión judicial presentado el 20 de junio de 2025. Nos solicitó la revocación de la *Respuesta al Miembro de la Población Correccional* emitida el 25 de febrero de 2025 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, "DCR" o "Recurrido") a través de la cual se le orientó al Recurrente que su solicitud de remedio fue atendida ante dicha entidad en el caso B-278-25. Dicha determinación fue objeto de una "**Solicitud de Reconsideración**" que fue denegada por el foro recurrido por vía de una *Resolución* emitida el 13 de mayo de 2025.

De conformidad con las disposiciones de la Regla 7(B)(5) del Reglamento de este Tribunal, eximimos a la parte recurrida de su comparecencia y por los fundamentos que expondremos a continuación, *confirmamos* el dictamen impugnado.

**I.**

El presente caso tuvo su origen el 21 de febrero de 2025 con la presentación de una "**Solicitud de Remedios Administrativos**" por parte del señor Acevedo Maldonado ante la Evaluadora de Remedios Administrativos, la Sra. Maribel García Charriez (en adelante, la "señora García Charriez") de la oficina de Bayamón. Mediante la misma, solicitó que el gerente general de "Carolina Catering" investigue la razón por la cual no le han suministrado cierta dieta necesaria para tratar su condición de gastritis.

Varios días después, el 25 de febrero de 2025 el DCR emitió una "**Respuesta al Miembro de la Población Correccional**" desestimando el recurso bajo el fundamento de que dicho remedio ya había sido solicitado anteriormente. En concordancia con ello, le indicó que hiciera referencia al remedio provisto en el caso núm. B-278-25. Insatisfecho con lo anterior, el 21 de marzo de 2025, el Recurrente presentó una "**Solicitud de Reconsideración**" en la que expresó no estar de acuerdo con la referida decisión y aclaró que el remedio que se encuentra solicitando es distinto al anteriormente peticionado. Resaltó que la ayuda solicitada en el caso núm. B-278-25 va dirigida al gerente general de la compañía "Carolina Catering" mientras que la solicitud núm. B-279-25 se refiere al director de la compañía Physician H.M.O., por lo que deben ser atendidos separadamente. Finalmente, el 13 de mayo de 2025 el DCR emitió una *Resolución* en la que reiteró que la solicitud presentada por el señor Acevedo Maldonado respecto a su dieta fue previamente contestada en la *Determinación* emitida sobre la "**Solicitud de Remedios Administrativos**" núm. B-278-25. Igualmente, destacó que desde el 29 de abril de 2025 el señor Acevedo Maldonado ha estado recibiendo la dieta objeto de la presente controversia.

Inconforme con lo anterior, el 30 de mayo de 2025 el Recurrente acudió ante este Tribunal intermedio mediante el recurso de epígrafe, en el que señaló que el DCR erró al desestimar su petición bajo el entendimiento de que las solicitudes núm. B-278-25 y B-279-25 trataban del mismo asunto.

**II.**

Es norma reiterada en nuestro ordenamiento jurídico que los tribunales apelativos están llamados a abstenerse de intervenir en las decisiones administrativas, ya que éstas poseen una presunción de legalidad y corrección. ECP Incorporated v. OCS, 205 DPR 268, 281 (2020); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Cónsono con ello, se ha resuelto que las decisiones de las agencias administrativas gozan de la mayor deferencia por los tribunales. Oficina de Ética Gubernamental v. Martínez Giraud, 210 DPR 79, 88-89 (2022). Ello debido a que dichos entes gubernamentales son los que poseen el conocimiento especializado y experiencia en los asuntos que les son encomendados. Super Asphalt v. AFI, 206 DPR 803, 819 (2021).

Sin embargo, recientemente, nuestro Tribunal Supremo cambió esta norma de deferencia hacia las decisiones administrativas, al adoptar la opinión del Tribunal Supremo de los Estados Unidos en el caso de Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024). En específico, determinó que la interpretación de las leyes es una tarea que le corresponde a los tribunales y dispuso que éstos, en el ejercicio de su función revisora, deberán actuar con el rigor que prescribe la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico y no ser guiados por la deferencia automática. Vázquez v. Consejo de Titulares, 2025 TSPR 56, 215 DPR ___.

La Sección 4.5 de la LPAU, dispone que "[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo". 3 LPRA sec. 9675. Así pues, la intervención judicial en estos casos ha de centrarse en tres aspectos principales: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos están razonablemente sostenidas por la prueba y (3) si las conclusiones de derecho del organismo administrativo son correctas. P.R.T.C. Co. v. J. Reg. Tel. de P.R., 151 DPR 269, 281 (2000). Podemos decir que la deferencia

reconocida a la decisión de una agencia administrativa cede en las siguientes circunstancias: cuando no está basada en evidencia sustancial, cuando el organismo administrativo ha errado en la aplicación de la ley y cuando ha mediado una actuación irrazonable o ilegal. T-JAC, Inc. v. Caguas Centrum Limited, 148 DPR 70, 80 (1999).

Las determinaciones de hechos de los organismos y agencias administrativas tienen a su favor una presunción de regularidad y corrección. Henríquez v. Consejo Educación Superior, 120 DPR 194, 210 (1987). De manera que los tribunales apelativos no intervienen con las determinaciones de hechos formuladas por una agencia administrativa si éstas están sostenidas por evidencia sustancial que surja del expediente administrativo. Asoc. Vec. H. San Jorge v. U. Med. Corp., 150 DPR 70, 75 (2000).

Según lo ha definido el Tribunal Supremo en diversas ocasiones, evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". Hilton Hotels v. Junta Salario Mínimo, 74 DPR 670, 687 (1953). Por ello, quien impugne las determinaciones de hechos de una agencia administrativa tiene el deber de presentar ante el foro judicial la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. El peso de la prueba descansa entonces sobre la parte que impugna la determinación administrativa. Com. Vec. Pro-Mej., Inc. v. J.P., 147 DPR 750, 761 (1999). Además, debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. Rebollo v. Yiyi Motors, 161 DPR 69, 76-77 (2002).

Las conclusiones de derecho, tal y como surge de la Sección 4.5 de la LPAU, *supra*, deben ser revisadas en todos sus aspectos. 3 LPRA sec. 9675. Sin embargo, esto no significa que, al ejercer su función revisora,

podamos descartar liberalmente las conclusiones e interpretaciones de la agencia, sustituyendo el criterio de ésta por el propio. "Al evaluar los casos es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa". Adorno Quiles v. Hernández, 126 DPR 191, 195 (1990).

El foro judicial podrá sustituir el criterio del organismo administrativo por el propio únicamente en aquellas ocasiones que no encuentre una base racional que fundamente la actuación administrativa. No obstante, es axioma judicial que, ante la prueba pericial y documental, el tribunal revisor se encuentra en igual posición que el foro recurrido y, por tanto, está facultado para apreciar la prueba apoyándose en su propio criterio. Dye-Tex de P.R., Inc. v. Royal Ins. Co., 150 DPR 658, 662 (2000).

Sin embargo, la deferencia judicial en la revisión de determinaciones administrativas no conlleva la renuncia de este Tribunal a su función revisora. La deferencia reconocida no equivale a la dimisión de la función revisora de este foro apelativo intermedio en instancias adecuadas y meritorias, como resulta ser cuando la agencia ha errado en la aplicación de la ley. Reyes Salcedo v. Policía de P.R., 143 DPR 85, 94 (1987).

**III.**

En el presente caso, el señor Acevedo Maldonado nos solicitó la revocación de la *Determinación* emitida por DCR a través de la cual se desestimó la "**Solicitud de Remedios Administrativos**" que él presentó.

En síntesis, el Recurrente sostiene que el DCR erró al desestimar el caso B-279-25 bajo el fundamento de que el remedio en cuestión ya había sido atendido anteriormente en el caso B-278-25. Arguyó que la ayuda solicitada en el caso B-278-25 está destinada al gerente "Carolina Catering" mientras que la otra petición corresponde al director de la compañía Physician H.M.O., por lo que considera deben ser atendidas de manera independiente.

Del expediente ante nuestra consideración se desprende que el 21 de febrero de 2025 el señor Acevedo Maldonado presentó una "**Solicitud de Remedios Administrativos**" en la que le solicitó al gerente general de la compañía "Carolina Catering" que investigue el por qué no se le está brindando la dieta recomendada por su nutricionista. De la documentación disponible también surge que, con anterioridad a la mencionada solicitud, el Recurrente ya había presentado una petición relacionada a la entrega de los alimentos que necesita para tratar su condición de gastritis. Adicionalmente, el expediente devela que desde el 29 de abril de 2025 el señor Acevedo Maldonado ha estado recibiendo los alimentos objeto de la presente controversia.

Luego de un análisis detenido del caso de epígrafe, concluimos expresamente que el Recurrente no aportó evidencia suficiente para derrotar la presunción de corrección de la cual están investidas las decisiones del foro administrativo. En el ejercicio de nuestra función revisora, venimos compelidos a darle deferencia a la especialización, experiencia y las cuestiones propias de la discreción o pericia de las agencias administrativas. Tal y como hemos adelantado, somos de la opinión de que la agencia recurrida no actuó de manera arbitraria, ilegal, irrazonable o fuera del marco de los poderes que se le delegaron. Lo anterior obedece a que, previo a la solicitud en cuestión, ya se había presentado un requerimiento relacionado con los alimentos recomendados por la nutricionista. Además, desde el 29 de abril de 2025, el señor Acevedo Maldonado ha estado recibiendo su dieta correspondiente, incluyendo las meriendas.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *confirma* la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones